Jackson
v.
Esty.

JACKSON, *ex dem*, Watson and others, *vs.* ESTY.

A title to lands sold for *taxes* can be perfected only by giving *notice* of the
purchase, &c. to the person in the possession or occupancy of the lands if the
lands be occupied, and producing the *certificate* of the comptroller that the
payments required to be made into the treasury have not been made.

A *waiver* of the notice by an *occupant* having no interest in the property sold,
is not equivalent to a notice, the title of the purchaser depending upon a strict
compliance with the requirements of the statute ; and it was accordingly *held*,
in this case, that the purchaser not having given notice, was not entitled to
recover the possession, although he shewed an offer by the occupant to pur-
chase.

THIS was an action of ejectment, tried at the Essex circuit,
in January, 1830, before the Hon. ESEK COWEN, one of the
circuit judges.

The premises in question were sold for *taxes*, and on the
22d April, 1823, the *comptroller* of the state executed a *deed* of
the same to M. Wheeler and W. McDonald, pursuant to the
sale, and in complyance with a certificate of the sale by him
given. The title of Wheeler was transferred in June, 1825,
and that of McDonald in May, 1827, to E. Watson. At the
date of the comptroller's deed the premises in question were
in the *actual possession and occupancy* of one Carpenter, who
held the possession or *betterments* by a conveyance to himself
and one Day, but did not claim *title* to the land. In June, 1824,
the defendant succeeded to the rights of Day and Carpenter
by purchase. The plaintiff proved that Day, in 1823, on be-
ing informed of the purchase by Wheeler and McDonald, said
he had no title to the land, and expressed a wish to buy of
them ; and also that Esty proposed to purchase the premises
of Watson, but that the parties could not agree as to the price.
This evidence was offered by the plaintiff as equivalent to a
waiver of the *notice* of the purchase, &c. required to be given
by purchasers of lands for taxes, to the persons in possession
or occupancy of the lands, Laws of 1819, page 254, § 5 and
which had not been given. It was objected to, but received
by the judge, who charged the jury that such negotiations
amounted to a waiver of the notice, if notice was neces-
sary to a mere naked possessor. The defendant excepted

and the jury found a verdict for the plaintiff, which the defendant now moved to set aside.

*T. A. Tomlinson*, for defendant.

*W. C. Watson*, for plaintiff.

*By the Court*, Savage, Ch. J.   By the 17th section of the act for the *assessment and collection of taxes*, 2 R. L. 516, 17, it is made the duty of the comptroller, under certain circumstances, to sell lands for arrears of taxes.   Upon the sale he executes a certificate, and at the expiration of two years he gives to the purchaser a deed of the lands purchased, which vests in him an estate of fee simple.   By the act of 1819 it is enacted, that in every case of sale and conveyance of taxes thereafter to be made by the comptroller of lands which may at the time of the conveyance be in the *actual possession of any person*, the purchaser shall serve a written notice, stating the sale and the amount nècessary to be paid into the treasury within six months, to redeem the same.   And in every case of actual occupancy it shall be necessary for the purchaser, in order to complete his title, to shew, by due proof, that such notice was duly given, and by the comptroller's certificate, that the payment required by such notice has not been made.

It is a general rule that the party who sets up a title must furnish the evidence necessary to support it.   If the validity of a deed depends on act *in pais*, the party claiming under that deed is as much bound to prove the performance of the act as he would be bound to prove any matter of record on which its validity might depend.   It forms a part of his title; is is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve.   4 Wheaton, 79. Even the recitals in the deed of the performance of the acts necessary to validate the conveyance are not sufficient; they must be proved independent of the deed.   7 Cowen, 88. Perhaps a deed from the comptroller is an exception as to this particular, for the statute declares that such conveyance shall be conclusive evidence that the sale was regular, according to the provisions of the act; but it cannot be

NEW-YORK, evidence of acts which were to be done subsequently. The
May, 1831. comptroller's *certificate* is the proper evidence, and perhaps
Jackson    the only evidence, that the lands occupied at the time of con-
v.         veyance have not been redeemed within six months after
Esty.      the service of the notice, which the purchaser must give. In
case of a conveyance by the comptroller it has been decided,
18 Johns. R. 442, that were there was no tax due, the comp-
troller's deed is void, and confers no title. The right to sell
depends upon the non-payment of the tax ; the purchaser
takes therefore a contingent title, and where the land is occu-
pied, it depends further upon a *condition subsequent* to be per-
formed by the purchaser. To complete a title in such a case
it is as necessary to prove the service of notice and the omis-
sion to redeem, as it is to prove the sale ; and where the fact
of occupancy at the date of the comptroller's deed is shewn, I
can see no reason why it is not as necessary to produce the
comptroller's certificate to prove a failure to redeem, as it is
to produce the comptroller's deed to prove the sale made by
him. Both are necessary links in the claim of the purchaser's
title, and both these facts, like all other facts, must be proved
by the best evidence of which the nature of the case admits.

The question then arises whether it is necessary that the
occupation must be by the *owner*, and whether the *occupant*
can by his acts dispense with the notice required by the stat-
ute ? The object of the legislature was to raise a revenue with
the least possible sacrifice to the citizens. The possessor of
real estate is bound to pay the taxes, and when not possessed,
the proceeding must necessarily be against the property. The
legislature foresaw that it might happen that the property
might not be occupied when assessed, and yet be occupied
when sold for taxes ; and that by the mistakes which might
be made by the returning officers, property might be returned
as *non-resident*, when in truth it was occupied. They wisely
provided, therefore, that the purchaser should ascertain the
fact at his peril, and give notice when necessary. The pur-
chaser must therefore do every act necessary to perfect his
title ; he must not only give notice, but he must make proof
of that fact, and that proof is the evidence upon which the
comptroller is to act in the last instance. Now I deny that

these acts can be waived by a person having no interest in the property, even if they could by the former owner, on which point it is unnecessary to express an opinion. But if the offer to purchase be an admission of title, what kind of title does it admit? Clearly none other than the party had. The lessor had an *inchoate title*, which might be transferred by him just as it had been transferred to him from the original purchasers at the comptroller's sale; and if the defendant had purchased the title of the lessor of the plaintiff, his title would not have been perfect. Trace it ever so far, and through ever so many hands, whoever sets up this title must shew that he has complied with the requirements of the statute, unless indeed the former owner were to purchase, and then such purchase might quiet the title, because there would be no one to disturb it. It is a cardinal principle that a man shall not be divested of his interest in his property but by his own acts, or the operation of law; and where proceedings are instituted to change the title to real estate by operation of law, the requirements of the law under which the proceedings are had must be strictly pursued. I am accordingly of opinion that the offer by the defendant to purchase the lessor's title proved nothing, and that the plaintiff's title is imperfect, and will be until the gives notice, and procures the comptroller's certificate according to the statute.

A new trial must be granted, with costs to abide the event.