BUSH *vs.* DAVISON.

No title passes to the purchaser of lands sold for *taxes*, although a deed be executed to him by the comptroller, if *any part of the lands* included in the deed be *occupied*, until after notice of the sale to the *occupant*, and a full compliance with all the requirements of the statute.

The omission to give such notice to *an actual occupant of part*, renders the deed inoperative as to the *residue* of the lands included in it, although such residue be wholly *unimproved*.

THIS was an action of *ejectment*, tried at the Monroe circuit in October, 1834, before the Hon. HIRAM DENIO, one of the circuit judges.

The plaintiff claimed to recover 30 acres of land, under a deed executed by the *comptroller of the state*, conveying ninety-five acres of land as sold for taxes, of which the thirty acres were a part. The comptroller's deed bore

date on the 30th *December*, 1833. On the day of the date of that deed, one *Philips* was in possession of a dwelling house erected on the premises in question as a *tenant at sufferance* to the defendant, and continued in possession until the 13th *January*, 1834, when he removed from the premises. A question was made on the trial, whether the possession of Philips did not *constructively* embrace 50 acres of unimproved land surrounding the house, as well as the house itself, he having originally entered as the owner of the 50 acres which he conveyed by deed to the defendant on the 13th December, 1833. The judge charged the jury that if they should find that Philips was in possession of the 50 acres at the date of the comptroller's deed, exercising such acts of ownership over the property as its situation in its unimproved state was capable of, then the plaintiff having failed to prove the *notice* required by the statute to be given by *purchasers* to *occupants* of lands sold for taxes, was not entitled to recover; but if they should find that his possession was limited to the dwelling house, then it would be their duty to find a verdict for the plaintiff for the whole of the premises claimed, except the dwelling house, as to which they must find for the defendant. The jury found a verdict for the plaintiff for the whole of the premises, except the dwelling house. The defendant moves for a new trial.

*J. A. Spencer*, for defendant.

*A. Taber*, for plaintiff.

*By the Court*, COWEN, J. If the question of constructive possession were material, there can be no doubt that on the evidence given, the judge properly left the question to the jury, whose finding must be received as conclusive.

The plaintiff claims to have made title by operation of the statute, 1 R. S. 399 to 401, 2d ed.; and the only question of any difficulty is, whether, within that statute, notice be necessary to the *actual occupant* of *any part* of an entire tract sold to pay non-resident taxes, before the comptroller's deed shall become absolute in respect to *any other*

ALBANY, Jan. 1837.

Bush v. Davison.

*part,* even though it be at the time vacant. The several provisions of the statute under which the plaintiff claims are, 1 R. S. 400, 401, as follows : " § 84, [sec. 83.] Whenever any land sold for taxes by the comptroller, and conveyed as hereinbefore provided, shall, at the time of conveyance, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall serve a written notice on the person occupying such land, stating in substance the sale and conveyance, the person to whom made, and the amount of the consideration money mentioned in the conveyance, with the addition of thirty-seven and an half per cent. on such amount, and the further addition of the sum paid for the comptroller's deed ; and stating also, that unless such consideration money and the said thirty-seven and an half per cent., together with the sum paid for the comptroller's deed, shall be paid into the treasury for the benefit of such grantee, within six months after the service of such notice, that the conveyance of the comptroller will become absolute, and the occupant, and all others, interested in the land, be forever barred from all right or title thereto." " § 86, [sec. 85.] The occupant, or any other person, may at any time, within the six months mentioned in such notice, redeem the said land, by paying into the treasury such consideration money, with the addition of thirty-seven and an half per cent. thereon, and the amount that shall have been paid for the comptroller's deed ; and every such redemption shall be as effectual as if made before the conveyance of the lands sold." " § 88, [sec. 87.] In every such case of actual occupancy, the grantee, or the person claiming under him, in order to complete his title to the land conveyed, shall file with the comptroller the affidavit of some person who shall be certified as credible by the officer before whom such affidavit shall be taken, that such notice as is above required was duly served, specifying the mode of service. § 89, [sec. 88.] If the comptroller shall be satisfied by such affidavit, that the notice has been duly served, and if the moneys required to be paid for the redemption of such land, shall not have been paid into the

treasury, he shall certify the fact, and the conveyance before made by him shall thereupon become absolute; and the occupant, and all others interested in the said lands, shall be forever barred of all right and title thereto." Looking at this statute, no doubt can arise that the judge correctly restrained the recovery to the vacant and unoccupied land. Philips being found in possession of the house at the time, the comptroller's deed would be inoperative as to that, according to the common understanding of the act, until notice of the purchase and default to pay the taxes: and such default proved and certified at the comptroller's office. This was held in *Jackson ex dem. Watson* v. *Esty,* 7 Wendell, 148, on a consideration of the various provisions now consolidated in the revised statutes. A compliance with all the terms prescribed to the purchaser, after the date of his deed, was by that case made necessary without any qualification arising from the character of the occupancy. There was no claim or color of title; and an actual waiver by the tenant of all notice was proved. No disclaimer which he can make, according to that case, can be received as of force, to maintain an ejectment even against himself. The deed though issued from the comptroller's office with every apparent solemnity, carrying a title on its face, and made by § 82 of 1 R. S. p. 399, 400, 2d ed. conclusive evidence that the sale was regular, according to the provisions of the law, is yet standing alone, a mere nullity in respect to the occupant. I collect all this from the language of the late Chief Justice, at page 150 of *Jackson* v. *Esty;* and indeed no other view of the conveyance would warrant the decision in that case. The defendant was a mere squatter, claiming no title, and offering to purchase of the lessors of the plaintiff—a set of facts, which *per se,* and even without such deed, would have entitled them to recover. According to my remembrance, on that cause going down for trial again, it was so contended, and the lessors tried to keep the comptroller's deed out of view, and recover on Esty's admission alone. But to prevent an ingenious evasion of the decision at bar by the plaintiff stopping after the admission and disclaimer had been shown, I allowed the

ALBANY,
Jan. 1837.

Bush
v.
Davison.

defendant himself to prove the deed, and then directed the jury to find against his admission. The late chief justice says, at the page cited, that such a deed carries a contingent title, depending on the notice, &c. as a *condition subseqent ;* and so, indeed, it does when the condition is looked to in its chronological order ; but for the purpose of giving effect to the deed, I think he would have added that it was a *condition precedent* to all intents and purposes, and that without showing affirmatively the literal performance of it, the deed still remained mere waste paper, of no more effect than the sale under a mortgage power without advertisement, or the sale for United States taxes in *Jackson ex dem. Cook* v. *Shephard,* 7 Cowen's R. 88, to which the chief justice referred. We want no case beyond that to show the great strictness with which the forms under which a title is to be divested by a sale for taxes must be pursued.

The difficulty with us circuit judges, who were called upon in the first instance to act upon the statute, lay in the novel form under which the condition came to us. A deed from the state, authorized by statute, and made conclusive of its own regularity, purporting to transmute the title, and actually delivered out to the purchaser, is yet made a mere escrow *to be available* on the performance of a precedent condition. Looking at the ordinary legal effect of such a deed, under the statutory provisions, we should say it carried the title, which would be defeasible by the actual occupant paying the tax, after notice to him, or some other person paying for him ; and that the right to redeem in that way (for the word *redeem* is used in the statute) would be limited to the actual occupancy, and was intended for the benefit of the owner. *Jackson* v. *Esty* had particular reference to the rights of the owner, and would not allow the actual occupant to waive the notice to his prejudice.

Next came the question on the meaning of the words *actual occupancy ;* for it was only when the lands sold were in that state that notice was necessary. In *Comstock* v. *Beardsley,* MS.* which was ejectment by the original

---

* Since reported, 15 Wendell, 348.

owner, for land in Clinton county, the defence rested on the comptroller's deed of the premises, which were partly in the actual occupancy of another who claimed title to the whole. No notice had been given, and on the trial I restricted the defence to the part actually occupied. That was some years ago. A new trial was granted. This court declared the deed void for the whole. The present chief justice delivered the opinion of the court. The result was, that the statute, according to its true construction, operated to protect the possessor to the extent not only of the actual occupancy, but the occupant's claim of right; and he added that whenever any portion of the premises were actually used and improved even though there were no claim beyond, the deed would not be effectual for any part of the land. On the cause coming down again at the last June circuit, an offer was made as on the former trial, to limit the actual occupancy to one fourth of the premises in question, and to prove the additional fact that the occupant never claimed any thing beyond. That I overruled, and stopped the cause, on the distinct expression of the chief justice, *obiter* perhaps, but still a very explicit opinion, bearing the marks of reflection. I must be understood to speak from recollection, not now having notes of the opinion before me. And I do not stop to procure and examine the opinion, because on reflection I am satisfied that the chief justice did not, in either branch of it, go beyond what was warranted by the case of *Jackson* v. *Esty ;* the principle of which I had overlooked. The statute from which I have read all the provisions connected with that case declares, that whenever any land sold for taxes shall be in the actual occupancy of any person, the grantee shall give notice, &c. containing particular directions in respect to what must be done, and that in default of payment *the conveyance* of the comptroller will become absolute. Then the *occupant* or *any other person* may redeem the land conveyed. Then to complete *his title*, the grantee must prove to the comptroller the service of the notice, who is to certify the non-payment of the tax, and *his conveyance thereupon becomes absolute.* The condition is an entire thing; so is the conveyance and the title. So the tax, the

ALBANY,
Jan, 1837.

Bush
v.
Davison.

land and the right to redeem. The condition imposed by the statute has arisen, if a single foot of land was actually occupied. The words are, if *any land* sold, &c. What kind of condition? A condition precedent, which must be performed before the deed can operate to pass the title of the owner; or in the language of the statute, before the grantee can " complete his title to the land conveyed." The deed is to be taken as if the statute were recited in it. That the condition is *precedent* will be more plainly apparent upon a farther consideration of *Jackson* v. *Esty*. If it were subsequent, then, in common effect, ejectment would lie without notice, and a recovery of all the land might be had subject to the right of redemption by the occupant or owner, until he should yet be foreclosed by a notice, with proof and the comptroller's certificate. The statute was open to such a construction. That would have been treating the owner as a kind of mortgagor, holding an equity of redemption; the legal estate being in another. But both *Jackson* v. *Esty* and *Comstock* v. *Beardsley* denied that there was any legal title in the purchaser upon which he could recover, until he had served the notice and the owner was in default; nor as far as I know or have heard, has any action been thought of for occupied land short of this. The occupant has more than an equity; he has the legal right. According to *Jackson* v. *Esty*, the case is nearer that of mortgagor and mortgagee as it stands since the revised statutes. All the legal estate of the latter is taken away, and his mortgage changed to a mere equitable lien, which cannot in general become a legal estate, for any purpose, until actual foreclosure. 2 R. S. 237, § 57, 2d ed. In *Jackson* v. *Esty*, the late chief justice remarked, " I can see no reason why it is not as necessary to produce the comptroller's certificate to prove a failure to redeem, as it is to produce the comptroller's deed to prove the sale made by him."

The notice, the default, the proof and certificate of the comptroller being a precedent condition imposed, as we have seen, whenever there is occupied land covered by the deed, it is then impossible to divide or apportion that condition, and say it is dispensed with in respect to the unseated

lands, and the deed shall therefore avail as to them, though void as to the seated part. In the same way, where there are various occupants in severalty, the condition cannot be performed by piece-meal, being fulfilled as to A. though not as to B., and so on through the alphabet. If otherwise, the conveyance, which is also an entire thing, might be brought into existence by parts in the same way. It is said in Co. Litt. 215, *a*, that a condition is an entire thing and cannot be divided. He instances the case of a condition subsequent; but I can find in the books no attempt to apportion a legal title upon the ground that only some part of the condition precedent on which it was to arise had been performed.

In the case at bar, Philips was in possession of a small part of the land sold for taxes ; and no notice having been given, we are of opinion that on the true construction of the statute, the deed was inoperative as to every part of the tract included in it. On that ground there must be a new trial.