FRANCIS M. SMITH, Respondent, *v.* MILAN P. LITTLEFIELD, Appellant.

A tenant who holds over a definite term for a brief period, without the consent of his landlord, does not thereby become tenant by sufferance, and is not entitled to notice to quit before the commencement of summary proceedings or the bringing of an action to recover possession. To entitle him to notice, the holding over must be continued for such a length of time and under such circumstances as to authorize the implication of assent upon the part of the landlord.

Defendant entered into possession of certain premises under a lease, which expired April 18th, 1865. He held over without the permission of plaintiff, his landlord, until June 18th, when this action was commenced to recover possession. Plaintiff had served no notice to quit. *Held*, that no notice was necessary, and that plaintiff was entitled to recover.

(Argued January 9, 1873; decided March term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court, in the fifth judicial district, affirming a judgment in favor of plaintiff, entered upon the decision of the court at Special Term.

This action was ejectment; the defence that the defendant was in possession under a lease; the facts appear sufficiently in the opinion.

*M. A. Hackley* for the appellant. Defendant was a tenant at sufferance and was entitled to notice. (Woodfall's Tenant Law, chap. 7, § 6, 237; Coke's Littleton, 57, *b;* Wendell's Blackstone, 150.) No action of ejectment can be maintained against him without a month's notice to quit. (3 R. S., 5th ed., 35, § 7; *Jackson* v. *Salmon,* 4 Wend., 327; *Livingston* v. *Tanner,* 14 N. Y., 64.)

*S. C. Huntington* for the respondent. A notice to quit was not necessary. (2 R. S. [Edm. ed.], 315, and cases, 312; 10 Wend., 353.) When a tenant holds over after his term without permission of his landlord, summary proceedings may be maintained without notice to quit. (2 R. S. [Edm. ed.], 529, §§ 28, 31.) Plaintiff had a right to treat defendant as a tenant at sufferance or as a trespasser, but defendant had no election. (1 Wend., 616; 21 id., 628, 631; 23 id., 616; 10 id., 353; 6 Duer, 270; 48 Barb., 551; 12 id., 481; 14 id., 253, 257, 258; 4 Kent, 114; 1 Den., 113; 1 Term R., 54, 162; 1 Pick., 43, 46, 82; E. C. L. R., 36; Taylor on R. E., 292; Taylor on L. and T., 44, 45; 2 Seld., 74, 80; 1 Platt on L., 657; 2 id., 498, 499, 517; 8 East, 358; 6 id., 530; 1 Greenleaf's Cruise, 276, 278, 283, 290; 14 N. Y., 64; 8 Cow., 13, 15; 19 How. Pr. R., 29; 13 Peters, 1; 2 Crary N. Y. Pr., 291.) Defendant is estopped by his acts and his answer from claiming he was holding as a tenant at sufferance. (12 Barb., 123; 11 J. R., 1; 4 Wend., 633; 30 N. Y., 226; 9 id., 9, 21, 26; 24 id., 359; 25 id., 266; 33 id., 249; 18 id., 457, 461; 42 id., 443, 444; 21 E. C. L. R., 342; 3 Keyes, 609; 3 Peters, 1, 3; 1 Greenleaf's Cruise, 283; 2 Platt on L., 496.)

EARL, C.  The defendant hired the premises in question for one year, ending on the eighteenth day of April, 1865. He held over until the nineteenth day of June, without the consent of the plaintiff, when this action was commenced. The plaintiff had served no notice to quit, and the sole question for our consideration is, whether such a notice was necessary.  At common law, a tenant who held over after the expiration of his term became a tenant by sufferance.  He had only a naked possession, and no estate which he could transfer or transmit.  He stood in no privity to his landlord, was not liable to pay any rent and was not entitled to any notice to quit.  He held by the laches of the landlord, who could enter and put an end to the tenancy when he pleased. (4 Kent's Com., 118.)  This is still the law, except as modified by the statute.  At common law, when by the terms of the lease the tenancy terminated at a day certain, the landlord could always commence his action of ejectment to recover possession of his land, after the expiration of the lease, without any notice to quit; and this he could do, although the tenant became a tenant by sufferance by holding over the term without his permission.  It was only in a tenancy from year to year, the termination of which was uncertain, that the tenant was entitled to notice to quit.  The object of the notice was to give him information when the lease would terminate.  In the former case such notice was contained in the lease itself, and in such case I cannot discover that it was ever made the subject of complaint that the tenant could be removed without notice.  If within the meaning of our statutes (1 R. S., 745, 746) every tenant holding over his term for the briefest period is to be deemed a tenant by sufferance, and thus entitled to one month's notice to quit, then every lease for one year will be, at the will of the tenant, practically extended to a lease for thirteen months, as no proceedings can be instituted for his removal until the expiration of the month's notice.  It cannot be conceived that the legislature, in a case where the parties have in the lease fixed a day certain for the termination of the tenancy, intended that

the tenant may, by his own wrong, extend his holding for another month; and a construction leading to such a result should not be tolerated if it can be avoided. The first statute in this State, for the summary removal of a tenant holding over his term, was passed April 13, 1820, and in that statute it was provided that "if any tenant or lessee at will or ιat sufferance, or for part of a year, or for one or more years, or from year to year, hold over and continue in possession of the leased premises after the expiration of his term without the permission of his landlord," he may be removed in the mode prescribed in the act, provided that, "in case of a tenancy at will or sufferance, the landlord or lessor shall give three months' notice in writing to the tenant," etc. Under this statute the construction contended for by the plaintiff in this case would have prevented any procedure by the landlord, in the case of a lease for one year, until the expiration of fifteen months. / It is quite clear that the tenancy at sufferance mentioned in this act which required the notice was not one created by simply holding over a definite term for a brief period without the permission of the landlord. / This statute was substantially re-enacted in the Revised Statutes (2 R. S., 513), and they authorize the same summary proceeding where the tenant "shall hold over and continue in possession of the demised premises, or any part thereof, after the expiration of his term, without the permission of the landlord." This authorizes, and has always been understood to authorize, the proceeding without previous notice in all cases where the tenant holds over a definite term without the permission of his landlord, notwithstanding section thirty-one, which requires that before the magistrate shall issue the summons in the case of a tenancy at will, or at sufferance, he shall be satisfied "that such tenancy has been terminated by giving notice in the manner prescribed by law," and the notice required is one month. (1 R. S., 745.) Why terminate the tenancy by notice when its termination is definitely fixed by the terms of the lease? Was it the intention of the legislature that, in the case of a tenancy for one year, the

tenant could wrongfully hold over for fifteen, twenty or thirty days without the permission of his landlord, and then by his own wrong entitle himself to one month's notice before he could be removed, or even proceedings instituted to remove him ?

The notice is clearly necessary only in case there is such a tenancy at will or by sufferance as needs to be terminated. Such a tenancy is not created within the meaning of the statute by the tenant simply holding over his term without the assent of his landlord. To entitle the tenant who holds over a definite term to notice, the holding over must be continued for such a length of time after the expiration of the term, and under such circumstances as to authorize the implication of assent on the part of the landlord to such continuance. In such case the tenancy existing by the implied assent of the landlord ought to be terminated before the tenant can be removed, and in such case the tenant is a tenant by sufferance within the meaning of the statute and cannot be removed by summary proceedings or action of ejectment without the previous notice to quit. The construction I have thus given to these statutes is the one generally, if not universally, prevailing in practice, and while I have found no controlling decision directly in point, it is sanctioned by the opinions of learned judges. It is sustained by the opinion of Ch. J. SAVAGE in *Rowan* v. *Lyttle* (11 Wend., 617), and by the judges who wrote opinions in the following cases: *Allen* v. *Jaquish*, 21 Wend., 631; *Garner* v. *Hannah*, 6 Duer, 270; *Livingston* v. *Tanner*, 12 Barb., 484.

I, therefore, reach the conclusion that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.