# EPHRAIM M. LUCAS, RESPONDENT, v. PETER McENERNA, APPELLANT.

*State tax sale — when six months' notice to redeem must be given — when a failure to move for the direction of a verdict does not estop defendant from insisting that it is against the weight of evidence.*

The six months' notice to redeem, which the statute requires to be given to the occupant of any lot, sold by the comptroller for non-payment of taxes, must be given when any portion of the entire lot is occupied at the time of the giving of the deed by the comptroller; the notice must be given notwithstanding the fact that the land was not occupied when the two years allowed by the statute for redemption had expired, and the purchaser became entitled to a deed.

In an action to recover land claimed by the plaintiff under a tax deed from the comptroller, it was not shown that the six months' notice to redeem, required to be given to any occupant of the lot, at the expiration of two years from the sale, had been given. The uncontradicted evidence showed that the west half of the lot was occupied at that time, and the evidence tended strongly to show that the east half was then also occupied. The verdict was in favor of the plaintiff, thereby establishing that the lot was unoccupied.

*Held*, that the failure of the defendant to ask the court to direct a verdict in his favor did not estop him from moving to set aside the verdict as against the weight of evidence.

APPEAL from an order made at the Chautauqua Circuit, denying defendant's motion for a new trial made on the judge's minutes.

The action was ejectment to recover possession of a village lot in Dunkirk. The plaintiff obtained a verdict.

*Walter W. Holt* and *Wm. Bookstaver*, for the appellant.

*Julius A. Parsons*, for the respondent.

SMITH, J.:

The plaintiff claims title under a deed from the comptroller on a tax sale. Upon the sale of land for taxes the owner or occupant, or any other person, may redeem the same at any time within two years after the sale. (Laws 1855, chap. 427, § 50.) Whenever the land, at the expiration of the two years given for redeeming, or any part thereof, shall be in the actual occupancy of any person, the purchaser to whom it shall have been conveyed by the comp-

troller, or the person claiming under him, shall serve a written notice on the occupant, within two years from the expiration of said time to redeem, requiring him to redeem within six months. (Id., § 68.) The deed of the comptroller is not to be recorded till the expiration of the six months (Id.), and it becomes absolute upon the comptroller giving his certificate that the occupant failed to pay according to notice. (Id., § 73.) Under like provisions of the Revised Statutes (1 R. S., 409, § 66; 411, § 80; 412, § 83), it was held that where the land is occupied when the deed is executed by the comptroller, the occupant is entitled to notice, notwithstanding the land was unoccupied when the two years allowed by the statute to redeem had expired and the purchaser became entitled to a deed. (*Hand* v. *Ballou,* 2 Kern., 541.) It has also been held that, if any portion of an entire lot is occupied notice must be given or the purchaser gets title to none. (*Comstock* v. *Beardsley,* 15 Wend., 348; *Bush* v. *Davison,* 16 id., 550; *Leland* v. *Bennett,* 5 Hill, 286.) And the production of the comptroller's certificate is necessary to prove failure of the occupant to redeem. (*Jackson* v. *Esty,* 7 Wend., 148; *Bush* v. *Davison, supra.*)

As the plaintiff did not produce the comptroller's certificate at the trial, or account for its non-production, it follows, that if the land was occupied when he received his deed he was not entitled to recover. The jury must have found that the land was not occupied, but we are satisfied upon reading the case that the finding is clearly against the evidence. That the east half of the lot was occupied by one Lynch was testified to by the plaintiff himself. And there was a decided preponderance of evidence in support of the defendant's position that the west half of the lot was occupied by a person who was his tenant. It makes no difference whether the land is occupied by the defendant or any other person. (*Comstock* v. *Beardsley ; Leland* v. *Bennett, supra.*) And it is not necessary that the occupancy shall be under a claim of right. (*Jackson* v. *Esty ; Bush* v. *Davison, supra; Bank of Utica* v. *Mersereau,* 3 Barb. Ch. R., 581.) Possession, with an intention on the part of the possessor to enjoy the property, is enough. (*Smith* v. *Sanger,* 4 Comst., 577.)

The respondent's counsel takes the position that as the defendant

did not ask the court to direct a verdict in his favor, and did not object to the submitting of the case to the jury, he is estopped from insisting that the verdict is against evidence. To sustain that position would be to hold that the court can in no case set aside a verdict as against the weight of evidence, when there is any evidence, however slight, requiring a submission of the case to the jury. It is probable that if the defendant had asked the court to direct a verdict in his favor, on the ground that it was proved, without dispute, that the east half of the lot was occupied by Lynch when defendant received his deed, the defendant would have been entitled to such direction. But the parties litigated also the question whether the west half of the lot was occupied, and the testimony left that question somewhat in doubt, although largely preponderating in the defendant's favor. That being the state of the evidence we do not think the defendant is estopped from insisting that the evidence was insufficient to sustain the verdict. The cases cited by the plaintiff's counsel rest upon *Barrett* v. *The Third Avenue R. R. Co.* (45 N. Y., 628). That case went upon the ground, as we understand it, that as there was no motion for a nonsuit, or request to direct a verdict, there was nothing for the Court of Appeals to review, the decision of the court below on the motion to set aside the verdict as contrary to evidence being addressed to the discretion of the court and not reviewable. The court in this department held contrary to the position of the plaintiff's counsel in *Shearman* v. *Henderson* (12 Hun, 170) on a review of all the cases. The circumstances of the case require us to decide it in accordance with the views there expressed.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Order denying new trial reversed and new trial ordered, costs to abide event.