# Cases

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## June, 1880.

---

CAROLINE A. STEWART, Respondent, *v.* GEORGE CRYS-
LER AND JONATHAN K. CRYSLER, Appellants.

*Action to remove a cloud upon title—when it will not lie—chapter 858 of 1867—
as to whether notice to redeem from a sale under must be given—when sale can-
not be attacked for an error in the description of the land—1867, ch. 858, § 10.
—1855, ch. 427, § 34.*

The plaintiff, claiming to be the owner of a lot in the city of Syracuse,
brought this action to have a deed thereof, executed by the County Treas-
urer, upon the sale of the lot for unpaid taxes, set aside, as a cloud upon
her title, upon the ground that no notice to redeem had been given to the
owner or occupant thereof.

*Held,* That, if section 12 of chapter 858 of 1867 (the act under which the
sale was made) did not make applicable to proceedings under it, the pro-
visions of the general laws of the State relating to the giving of a notice
to redeem after a sale for taxes (1855, ch. 427, §§ 68–75), then no such
notice was required, as the act of 1867 contained no provision requiring
such notice to be given, and the defendant's deed was valid.

That, if the provisions of the general laws on that subject did apply, then the
plaintiff's right to redeem was still perfect, and as the defendant's deed
would not entitle them to recover possession of the land without the pro-
duction of the treasurer's certificate, showing a failure on the part of the
owner or occupant to redeem after due notice had been given, the plaintiff
had no occasion to come into a court of equity for relief.

[285]

That, in either event, this action could not be maintained.

Section 10 of chapter 858 of 1867 renders the deed conclusive evidence of the regularity of the sale, and prevents its validity from being attacked by proof of a misdescription of the land in the notice of sale.

Under section 34 of chapter 427 of 1855 the validity of a sale is not affected by any error in the description of the land in the printed notice of sale.

Quære, as to the constitutionality of these provisions.

APPEAL from a judgment entered on the decision of a single judge, upon a trial of the action at the Onondaga Special Term.

*Perkins & Weston*, for the appellants.

*Hunt & Weaver*, for the respondent.

SMITH, J.:

The action is brought by the plaintiff, claiming to be the owner of a lot of land in the city of Syracuse, to remove an alleged cloud upon her title, consisting of a deed executed to the defendants by the treasurer of the county of Onondaga, upon a sale of said land for taxes. The trial judge found the deed valid on its face and a cloud upon the plaintiff's title, but as we understand the decision, invalid in fact, upon the grounds: (1) That the property was incorrectly described in the notice of sale; and (2) That no notice to redeem had been given to the owner or occupant.

The latter ground is the one principally relied on by the plaintiff. A question argued by counsel, upon this branch of the case, is whether section 12 of the act of 1867, in reference to the collection of taxes in the county of Onondaga (Laws of 1867, ch. 858), makes applicable to proceedings under it, the provisions of the general laws of the State relating to the giving of notice to redeem after a sale for taxes. (Laws of 1855, ch. 427, §§ 68–75, inclusive.) The question is not free from doubt, but we do not think it necessary to decide it, in order to dispose of the present case. If those provisions are not applicable to a sale for taxes made by the treasurer of the county of Onondaga, the plaintiff was not entitled to notice to redeem after sale, as the Onondaga act contains no provision requiring such notice. On the other hand, if the provisions of the general laws on that subject do apply, the plaintiff

has yet a perfect right to redeem, and the defendant's deed will not enable them to recover possession without the production of the treasurer's certificate, that the occupant failed to pay the money necessary to redeem, according to notice. (*Jackson* v. *Esty*, 7 Wend., 148; *Bush* v. *Davison*, 16 Id., 550; *Lucas* v. *McEnerna*, 19 Hun., 14.) If the Onondaga act is independent of the provisions of the general statutes in respect to giving notice to redeem, after sale, the defendant's deed is valid in fact; if those provisions are made a part of the Onondaga act, the deed is subject to the plaintiff's right to redeem, and the plaintiff has no occasion to come into a court of equity for relief.

The misdescription in the notice of sale consists in this: The land was correctly described in the deed, as follows: "Block 262 Water Street, 203 ft. front to Canal and lumber yard." In the notice of sale it is described, "Block 262, lot 203 front to Canal Street lumber yard Water Street." Is this such a misdescription as would mislead? The number of the block is correctly given, and the name of the street on which it is situated. The figures "203" do not purport to indicate the number of the block, but they are, in fact, the number of feet of its extent. And the names of the owners were given correctly in the notice. But whether or not the error in the description contained in the notice was calculated to mislead, it does not affect the validity of the deed, under either the Onondaga act or the general statutes. The Onondaga act provides that the deed shall be *conclusive* evidence that the sale was regular. (§ 10.) A deed executed under the act of 1855 is made presumptive evidence, only, of the regularity of the proceedings in general attending the sale (§ 65), but the act expressly provides that no error in the printed description in the designated newspapers, of the land to be sold, "shall vitiate, or in any manner affect the validity of such sale." (§ 34.) In this case, no question is made but that the land sold and conveyed was the land assessed. No question has been made by counsel on either side as to the constitutionality of the statutes above referred to, and therefore the point has not been considered.

We think no case is made for the exercise of the equitable power of the court to remove a cloud upon title, and that the judgment

should be reversed, and a new trial ordered, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.