ANDREW WISSEL, Respondent, *v.* GEORGE OTT, Appellant.

*Ejectment — waiver by a tenant at will of his right to the statutory notice to quit — chapter 531 of the Laws of 1895 — assumption by the court that the plaintiff's father died subsequent to its passage.*

A tenant at will, entitled to the statutory notice of thirty days to quit, waives that right where, in an action of ejectment against him, his counsel, a question having arisen as to the legitimacy of the plaintiff, states that the defendant disclaims any right to the premises if the plaintiff was the heir of his father.

Chapter 531 of the Laws of 1895, by which a child born out of wedlock is made legitimate by the subsequent marriage of its parents, is not operative to divest any title acquired prior to its enactment, but where, on an appeal by a defendant from a judgment in favor of a plaintiff coming within the provisions of that act, the record is silent on the question as to whether the plaintiff's father died prior to or after the enactment of that statute, the court will assume that the death occurred subsequent to it and sustain the plaintiff's right as heir.

APPEAL by the defendant, George Ott, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of May, 1898, upon the decision of the court rendered after a trial at the Kings County Trial Term before the court without a jury.

*Stephen B. Jacobs,* for the appellant.

*Thomas P. Mulligan,* for the respondent.

CULLEN, J.:

This action is in ejectment to recover premises of which the plaintiff's father died seized. We are inclined to think that the

## 160                    WISSEL *v*. OTT.

defendant was a tenant at will, entitled to the statutory thirty days'
notice to quit, and that the refusal of the trial court to dismiss the
complaint, made at the close of the plaintiff's case, was erroneous..
(*Larned* v. *Hudson*, 60 N. Y. 102.)   But the appellant is precluded
from raising this objection by his subsequent action on the trial.
The plaintiff had put in evidence, as part of his case, a decree of the
surrogate made in proceedings for the probate of heirship establish-
ing his right to inherit the premises as sole heir of his deceased
father.   The defendant proved, by a witness, that the plaintiff's
parents were married in this country two years after the birth of
the plaintiff in Germany.   The defendant thereupon moved for
judgment on the ground that the illegitimacy of the plaintiff pre-
cluded his inheritance.   The record shows that the counsel for the
defendant then stated that the defendant disclaimed any right to the
premises if the plaintiff was the heir.   This disclaimer disposed of
any right the defendant might have had to continue his occupation
till after thirty days' written notice to quit.

This action was begun on the 27th of July, 1897.   There is noth-
ing in the case to show when the plaintiff's father died.   By chapter
531 of the Laws of 1895, the plaintiff, if born out of wedlock, was
legitimatized by the subsequent marriage of his parents.   Of course
this statute could not divest any title that had accrued prior to its
enactment.   As the record is silent on this subject, we must assume
that the death of the plaintiff's father was subsequent to the statute.
Further, apart from the statute, the testimony of the witness for
the defendant and the decree of the Surrogate's Court raised a ques-
tion of fact, on which question the decision of the trial court is
controlling.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.