### ROURKE v. METZ, City Comptroller.

(Supreme Court, Appellate Division, Second Department. June 10, 1910.)

1. Taxation (§ 703*)—Tax Sales—Necessity of Notice on Occupant.

Laws 1855, c. 427, § 68, requiring the grantee in a tax sale of land in the actual occupancy of any person to serve a notice on the occupant within a specified time from the expiration of the time to redeem, requires the grantee to give notice to the occupant in order to perfect his

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

title, though the occupant is a tenant at will, who has, under Real Property Law (Consol. Laws, c. 50) § 60, an estate in land, entitled under section 238 to 30 days' notice to remove from the same.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1416; Dec. Dig. § 703.*]

2. TAXATION (§ 703*)—TAX SALES—NECESSITY OF NOTICE ON OCCUPANT.

The failure of the grantee in the tax sale to serve on the occupant the notice required by Laws 1855, c. 427, § 68, inures to the benefit of the owner of the fee, whose title is attempted to be taken from him under the sale.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1416; Dec. Dig. § 703.*]

3. TAXATION (§ 703*)—TAX SALES—NECESSITY OF NOTICE ON OCCUPANT.

Where, on a sale for taxes on occupied land, no notice to redeem was served on the occupant as required by Laws 1855, c. 427, § 68, the title of the state under the tax deed was void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1416; Dec. Dig. § 703.*]

Appeal from Special Term, Kings County.

Application for mandamus by Lillian V. Rourke against Herman A. Metz as Comptroller of the City of New York. From an order of the Special Term (63 Misc. Rep. 354, 118 N. Y. Supp. 415), directing the payment of an award modifying the report of the referee on the determination of the title to awards for parts of damage parcel, made to unknown owners in proceedings for the opening of a street in the city of Brooklyn, the applicant appeals. Affirmed.

See, also, 120 N. Y. Supp. 1144.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Joseph K. Field, for appellant.
Matthew J. Wheelehan, for respondent.
Fred R. Rich, for the State.

WOODWARD, J. The report of the referee in this proceeding awarded to the appellant the sum of $1,352.03 as her portion of an award of $3,180 made to damage parcel No. 61 to "unknown owner." This report has been modified by the order here under review, giving to the claimant Malone the sum of $682.61, which sum is to be deducted from the amount found to be due to the claimant, Rourke, who brings this appeal.

It seems that Bernard J. Malone was the original owner of the fee of a portion of the premises involved in this controversy, and he claims an interest in the award upon the ground that his title, as owner of the fee, is superior to that of the claimant, Rourke, who claims under a certain tax deed from Edward Wemple, Comptroller of the State of New York, to Lelia E. Marsh, dated November 2, 1888, and recorded July 17, 1890, and by the said Lelia E. Marsh and husband to Lillian V. Kerrin, now Lillian V. Rourke. The real controversy depends upon the validity of this tax deed. It is conceded that the premises in question were occupied in 1884, and that this occupation continued from that time down to the date when the city of New York

acquired the land in 1902; that no written notice under the tax law was served upon any of the persons in possession after the grantees under the tax deeds acquired title, and for these reasons the learned justice presiding at Special Term held that the claimant, Rourke, never gained any absolute title to the land.

On this appeal the claimant, Rourke, urges that the evidence in this case establishes that the persons who occupied the premises from 1884 to 1902 were tenants at will, under the definitions set forth in Larned v. Hudson, 60 N. Y. 102, and Wissel v. Ott, 34 App. Div. 159, 54 N. Y. Supp. 605, and that such persons, being such tenants at will, were not such occupants of the premises as were contemplated by the provisions of chapter 427 of the Laws of 1855.. Section 68 of the chapter cited provides that:

"Whenever any lot or separate tract of land sold for taxes by the comptroller, and conveyed as hereinbefore provided, shall, at the time of the expiration of the two years given for the redemption thereof, or any part thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall serve a written notice on the person occupying such land, within two years from the expiration of said time to redeem," etc.

The position of the appellant seems to be that the persons who were occupying this land as tenants at will of the grantee were not entitled to the written notice, because that would in effect be the grantee serving notice on himself. The difficulty with this proposition is that it ignores the statute. The statute says that, if any part of the premises "be in the actual occupancy of any person," the grantee must give the written notice to such occupant in order to perfect his title. It does not make any exception of tenants at will, or of any other class of occupants; the mere fact that there are occupants of the premises calls for notice to them, and without such notice there can be no validity to the tax deed. People v. Ladew, 189 N. Y. 355, 82 N. E. 431.

A tenancy at will is an estate in land (section 30, Real Property Law, Consol. Laws, c. 50), and such an estate entitles the holder of it to at least 30 days' notice to remove from the same (section 228, Real Property Law). Such an estate has value to its holder. He has an interest in the premises, which cannot be taken away from him, even by the owner, without written notice; and we see no reason for holding that the act of 1855, with its amendments, did not contemplate a notice to tenants at will, as well as to any other kind of tenants or occupants of lands sold for taxes. This defect arising from the failure to give the notice required by the statute inures to the benefit of any person interested in the land (Lucas v. McEnerna, 19 Hun, 14), and the owner of the fee, whose title is attempted to be taken from him, is certainly entitled to urge a defect in the title of the claimant Rourke. We are clearly of the opinion that as between these claimants the order is proper, and that it should be affirmed.

The state of New York, through its counsel, has intervened in a brief, and urges that it has some interest in this controversy, in that it held title to the premises under subsequent tax deeds, and conveyed the same to the claimant, Rourke, without divesting itself of the right to the damages awarded in the original proceeding; the title, it is claimed, being in the state at the time the city of New York took the

premises. There is, however, the same difficulty here which prevailed in the case of the claimant, Rourke: The lands were concededly occupied at the times when these subsequent tax deeds were made, and there is nothing in the record to show that the notices required by law were ever given to the occupants. The alleged title in the state of New York is, therefore, no better than that which the claimant, Rourke, asserted, and it would appear to have no interest whatever in this controversy.

The order appealed from should be affirmed, with costs. All concur.