THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HEMAN E. BAKER, Appellant.

Third Department, November 14, 1917.

Real property — ejectment — claim of title under tax deed from State Comptroller — tax deed void for failure to comply with statute — assessment — notice of tax sale.

In an action in ejectment to recover possession of certain lands the plaintiff claimed to have acquired title under a tax deed from the State Comptroller, based upon a tax sale held in 1885.

*Held,* on all the evidence, that the Comptroller's deed, under which the plaintiff seeks to recover, was void for failure to comply with the statute in making the assessment, and for failure to serve notice of the tax sale upon the occupant of the land, and that the complaint should be dismissed.

APPEAL by the defendant, Heman E. Baker, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 1st day of February, 1917, upon the decision of the court after a trial before the court, a jury having been waived.

*C. J. Vert,* for the appellant.

*Merton E. Lewis,* Attorney-General [*B. H. Loucks* of counsel], for the respondent.

SEWELL, J.:

This is an action in ejectment to recover possession of two parcels of land in great lot 33, township 3, old military tract, county of Clinton.

Sublots 1 and 2 were the northerly part of great lot 33 and contained 319 acres. They were separated from each other by a north and south line. Lot 1 was the easterly lot and contained 149 acres. Lot 2 contained 169.6 acres.

Matthew Lane purchased sublots 1 and 2, August 27, 1862, and on the 20th day of July, 1866, conveyed them to Patrick McKillip. On the 18th day of June, 1878, Patrick McKillip conveyed the south part of sublots 1 and 2, containing 150 acres, to Eli Clough, and in June, 1881, conveyed the remainder of said lots, the north part, containing 169 acres, to D. H. Parsons & Co.

March 25, 1882, Clough and D. H. Parsons & Co. by mutual deed divided their lands so that Clough became the owner of lot 2 and D. H. Parsons & Co. the owner of lot 1.

Sometime prior to October 29, 1908, Henry Willis had become the owner of sublot 2 and the defendant the owner of sublot 1, and on that day Willis conveyed ten acres off the easterly side of sublot 2 to the defendant.

The plaintiff claims to have acquired title to the 150 acres conveyed by McKillip to Clough, under a tax deed from the Comptroller of the State, based upon a tax sale held December, 1885. The complaint contains two counts: The first for the part of sublot 1 that was included within the 150 acres sold for taxes. The second for the part of the 10 acres conveyed by Willis to the defendant that was included within the 150 acres.

The evidence shows and the trial court found that at the sale in question the " Comptroller sold for taxes the whole of said Sub-lots Nos. 1 and 2, in two separate parcels to the People of the State of New York — the northerly part, containing 169 acres, for the taxes of 1877 to 1882 inclusive and the southerly part, containing 150 acres, for the taxes of 1877 to 1879 inclusive; " that the 169-acre parcel was redeemed by D. H. Parsons, and on the 8th day of January, 1890, the 150-acre parcel was conveyed by the Comptroller to the State.

The court also found that sublot No. 2 was actually occupied on the 29th day of December, 1887, the last day allowed by law for redemption from the sale of 1885; that it had been actually occupied since 1880, and that no notice of the tax sale or to redeem was served by the State upon any occupant of the 150 acres or any part thereof.

The court found as a conclusion of law that the second parcel having been occupied at the expiration of the period allowed for redemption, the owner was entitled to notice to redeem, and, no notice having been given, the record of the plaintiff's deed as to this parcel is void and that the defendant is entitled to judgment that he is the owner thereof.

As to the first parcel, the court found that the plaintiff was entitled to a judgment for its possession as the defendant had failed to show any actual occupancy in himself or his grantor or predecessor in title to any part of it.

To my mind the particular facts found by the trial court render the plaintiff's deed invalid as to the first parcel described in the complaint as well as the second parcel.

*First.* The assessment made in the year 1877 was clearly illegal as it was not made in compliance with the statute as to assessments upon the lands of non-residents in force at the time of this assessment. (1 R. S. 391, § 12.) Section 12 prescribed the power and the duty of the assessors. It provided that if the land to be assessed be a tract which is subdivided into lots, or be part of a tract which is so subdivided, the assessors shall designate it by its name, if known by one, and if they can obtain correct information of the subdivisions they shall put down in their assessment rolls, and in a first column, all the unoccupied lots in their town or ward, owned by non-residents, by their numbers alone, beginning at the lowest number and proceeding in numerical order to the highest; that in a second column, and opposite to the number of each lot, they shall set down the quantity of land therein liable to taxation; in a third column, and opposite to the quantity, they shall set down the valuation of such quantity, and if such quantity be a full lot, it shall be designated by the number alone. At the time of this assessment there had been no other division of the 319 acres into the respective parcels assessed. On the contrary, sublots 1 and 2 had been known as sub-

divisions of great lot 33 for more than thirty-four years, and during all this time their numbers, character and description had been fixed and determined. It was, therefore, the duty of the assessors to designate sublots 1 and 2 as lots and subdivisions of great lot 33 and not to designate or put down the northerly or southerly portions of these lots as the quantity of land liable to taxation. It is quite obvious that no attempt was made in the year 1877 to comply with the conditions contained in section 12, and, therefore, the assessment for that year was clearly illegal. The failure to properly assess these lands in that year prevented the transfer of any title or interest therein to the plaintiff. It was said in *Saranac Land & Timber Co.* v. *Roberts* (125 App. Div. 339) that " It is settled that when the State sells lands for unpaid taxes levied at different times, some of which are valid and others invalid, the title of one against whom the sale is made is not thereby divested. By mingling good and bad together the State cannot give a valid title to the property thus assessed."

*Second.* Conceding for the purpose of this point that the assessment and sale of the 150 acres were regular and valid, title did not vest in the State, through the deed from the Comptroller, to any part of it as no notice of the tax sale was served upon the occupant of sublot No. 2 as required by section 68 of chapter 427 of the Laws of 1855. That statute clearly implies that title to land through a tax sale can only vest in the grantee after service of the notice upon the occupant of *any part* of the land sold. It provides that if *any part* of the lands included in the tax deed " be in the actual occupancy of any person," the grantee must give the written notice to said occupant in order to perfect his title to any part of it. Mr. Justice WOODWARD in *Matter of Rourke* v. *Metz* (139 App. Div. 155) said: " The mere fact that there are occupants of the premises calls for notice to them, and without such notice there can be no validity to the tax deed." The notice is said to be for the benefit of all the owners and if not served the deed is void not only as to the part occupied but void as to the residue of the land included in it. (*Bush* v. *Davison,* 16 Wend. 550; *Lucas* v. *McEnerna,* 19 Hun, 14; *Matter of Rourke* v. *Metz,* 139 App. Div. 155.) It follows that the Comptroller's deed, under which the plaintiff seeks

to recover, was void; that the judgment appealed·from should be reversed and a judgment dismissing the complaint should be entered in favor of the defendant, with costs in this court and in the court below.

All concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.