The People of the State of New York, Plaintiff, *v.* Jacob Platzoeder, Defendant.

Supreme Court, Ulster County, February, 1922.

Ejectment — sale of land for unpaid taxes — claim of title under comptroller's deed — no notice to redeem served upon occupants — failure of proof as to non-occupancy by defendant's predecessors in title — quarry on part of land does not defeat claim of occupancy — assignee for creditors not having terminated quarry agreement, defendants were not trespassers and service of notice to redeem upon them was necessary — consent to continuance of tenancy by purchaser at the foreclosure sale.

In October, 1877, a certain parcel of land which had been purchased by H. in 1874 was sold for the unpaid taxes for the years 1867–1870, both inclusive, and a comptroller's deed was executed and delivered to the state.

Under an agreement made in 1874 P. was to open and work a quarry on the land and H. was to receive one-half a cent a running foot for all stone marketed. P. or his son, the defendant herein, have worked the quarry until the present time. In August, 1878, H. made a general assignment for the benefit of creditors. He had given a mortgage upon the land and pursuant to an agreement that the mortgagee should foreclose, buy in the property and hold it as security only for the mortgage debt, the mortgagee foreclosed and received the referee's deed on October 13, 1879, five days prior to the expiration of the two years within which the land could be redeemed under the comptroller's deed. No notice to redeem within the two years was served either on the owner of the land or the occupant. In July. 1882, the purchaser on foreclosure conveyed the land to one C. in trust for H. In 1884 C., as executor and trustee under the will of H., conveyed the property and in 1885 his grantee deeded it to defendant. In an action in ejectment brought by the state to recover possession of the land, claiming under the tax sale and deed, *held,* that as no notice to redeem was served the plaintiff in order to recover must show that the predecessors in title of defendant did not occupy the lot by their tenant for any substantial length

of time during the two years following the delivery of the comptroller's deed, and having failed in this the defendant was entitled to judgment for the dismissal of the complaint.

The claim of occupancy could not be defeated by the fact that the quarry extended over only a small part of the lot, nor by the fact that no one lived on it, nor that the occupancy did not continue, if such be the fact, until the expiration of the time limit to redeem.

No term being fixed by the quarry agreement, the tenancy created thereby was one at will, and as a chose in action passed under the general assignment and the assignee not having terminated the tenancy, the claim of plaintiff that defendant and his father were trespassers and that service upon them of notice to redeem was not necessary, is untenable.

The purchaser at the sale in foreclosure having suffered the quarrying to proceed until he conveyed the property, the inference was that defendant's father continued in his tenancy with the consent of said purchaser.

ACTION for ejectment.

*Charles D. Newton,* attorney-general (*E. J. Lake,* deputy attorney-general), for plaintiff.

*Roscoe Irwin,* for defendant.

HASBROUCK, J. The subject of this action is a thirty-acre parcel of land known as lot 25, Three Mile Class, Kingston Commons, situate in the town of Woodstock, Ulster county. It was purchased about the year 1874 by Michael Hallahan. In October, 1877, it was sold for unpaid taxes for the years 1867, 1868, 1869 and 1870, aggregating $58.66, and a comptroller's deed was executed and delivered to the state. During Hallahan's ownership in 1874 he had agreed with John J. Platzoeder that he should open and work a bluestone quarry on said lot and that Hallahan should receive half a cent a running foot for all stone marketed. Platzoeder or his son, the defendant here, has worked that quarry until the present time. On August 14, 1878, Michael Hallahan made a general assignment for the benefit of creditors. On lot 25 among other parcels, Luke Noone held a mortgage for $5,000 made by Hallahan. It was foreclosed and Marius Schoonmaker, as referee, conveyed it on October 13, 1879, to Luke Noone. There was an agreement between Hallahan and Noone that Noone should foreclose and buy in the property and hold it as security only for Hallahan's debt to him. The two-year statute in which to redeem under the comptroller's deed expired October 18, 1879. There was no notice to redeem within the two years following served on either the owner or occupant. On July 5, 1882, Luke Noone deeded lot 25 to James V. Cummings. He held the lot in trust for Hallahan, and as executor and trustee under his will deeded it January 28, 1884, to Catherine M. Hallahan and others. They on May 26, 1885, deeded it to the defendant.

This is an action of ejectment brought by the state to recover

possession of lot 25, claiming under the tax sale and deed. The defendant claims that plaintiff failed to obtain title under it because the state failed to give him notice to redeem and that if the state did obtain title it lost it by an adverse possession in the defendant of upwards of forty years.

The People claim that the defendant's father was not an occupant of lot 25 on October 18, 1879, and, therefore, not entitled to notice to redeem. They claim that the presence of tools and workmen, the opening of a quarry, the excavation of the stone, the cutting and preparation of it for market on the premises, the carting of it away for sale, the operation of it in connection with a bluestone business, does not create the occupancy required by the Tax Law to entitle such a one to notice to redeem. The law as it is found in the statutes and precedents does not seem to support that contention. No general rule covering cases of occupancy has been laid down. But it has been held that where people resided on the land by virtue of lawful entrance and continuance, or the lands were used in some business, or were improved by substantial buildings and there appeared the intent to enjoy the property, any such occupancy met the requirements of the statute. *National Fire Ins. Co.* v. *Mc Kay*, 5 Abb. Pr. (N. S.) 445; *People ex rel. Lake Placid Co.* v. *Williams*, 145 App. Div. 34; *People ex rel. Moynehan* v. *Gaus*, 134 id. 80; *Smith* v. *Sanger*, 4 N. Y. 577; *Clark* v. *Kirkland*, 133 App. Div. 826; 44 L. R. A. (N. S.) 674.

The claim of occupancy here cannot be defeated by the fact that the quarry extends over a small part of the lot (*Bush* v. *Davison*, 16 Wend. 550), nor by the fact that no one lived on it, nor that the occupancy did not continue, if such be the fact, up until October 18, 1879. Laws of 1855, chap. 427, § 68; *Lucas* v. *McEnerna*, 19 Hun, 14; *Hand* v. *Ballou*, 12 N. Y. 541; *People ex rel. Lake Placid Co.* v. *Williams*, *supra*.

These cases hold that if there were occupancy at the time of the execution and delivery of the deed, or at any time during the two years after such delivery, notice to redeem must be given to such occupant.

It is one of the claims of the plaintiff that the defendant and his father were trespassers, and if such were the case the authorities seem to support the contention that service of such notice was not necessary. 1 R. S. 745, § 7; *Livingston* v. *Tanner*, 14 N. Y. 64; *Jackson* v. *Miller*, 7 Cow. 747; *Smith* v. *Littlefield*, 51 N. Y. 539; *Reckhow* v. *Schanck*, 43 id. 448; *Wheeler* v. *Wood*, 25 Maine, 289.

The claim of trespass is based upon the fact that Michael Hallahan

made a general assignment for the benefit of creditors August 14, 1878, and thereby terminated the tenancy of defendant's father. Since there was no term fixed by the agreement to quarry, the tenancy created thereby may be held to have been at will. 1 Bouvier L. Dict. 1075; *Thompson* v. *Baxter*, 107 Minn. 124.

With regard to such tenancies the law has long been as stated in Cruise's Digest (Am. ed. [1808] tit. 9, chap. 1, §§ 10–18): " If the landlord enters on the land and cuts down trees demised or makes a feoffment or lease for years to commence immediately the estate at will is thereby determined." *Hollis* v. *Pool*, 3 Metc. (Mass.) 350.

Was then the making of the assignment such a feoffment as would determine the tenancy? There is no doubt but the deed of assignment was adequate in power to divest the grantor of title but the assignee's function is one of trust to apply the assignor's assets to the payment of his debts and return the surplus. The assignment not only carried the real estate but also the choses in action among which was this agreement to quarry. The assignee then possessed not only the land but the agreement. It was his will which it was necessary to exercise to terminate the tenancy, and he did not exercise it.

Again it is claimed that this tenancy of defendant's father was ended by the foreclosure of Hallahan's mortgage to Noone and the referee's deed. Noone held the title to this lot from October 13, 1879, to July 15, 1882, and suffered the quarrying to proceed. Is not the inference inexorable that Platzoeder continued in his tenancy on the lot with Noone's consent? *Smith* v. *Littlefield, supra.* If such be the case it may not be necessary to discuss the effect of the Noone mortgage and deed. If it were not we are confronted with the fact that Noone in the purchase of lot 25 became trustee for Hallahan by agreeing to return the property to him after satisfying the claim against it.

Hallahan was *cestui que trust.* At bottom in equity the land remained Hallahan's. This is shown by Noone's deed to James V. Cummings who became Hallahan's executor. We thus find on lot 25 Hallahan's tenant holding Hallahan's agreement to quarry. We should be reluctant to hold that such foreclosure where Platzoeder was not a party and was not ejected from his tenancy but allowed to remain until defendant's purchase of the lot, operated as a feoffment to determine the tenancy. We do hold that Noone assented to Platzoeder's tenancy.

We think before the plaintiff can recover that it must show that defendant's predecessors in title did not occupy the lot by their tenant for any substantial length of time during the two years

following the comptroller's deed to the state. *Lucas* v. *McEnerna, supra; Matter of Rourke* v. *Metz,* 139 App. Div. 155; *Hammond* v. *Van Riper,* 156 id. 290.

In this we think the state has failed.

Whether the defendant could establish title by adverse possession in face of the Forest Preserve provisions of the law and Constitution, we do not deem it necessary to discuss.

Judgment for defendant dismissing the complaint under the stipulation, without costs.