# FARMERS' FRIEND MANUFACTURING COMPANY v. CHALLENGE CORN–PLANTER COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MICHIGAN.

No. 92. Argued November 21, 1888. — Decided December 10, 1888.

In a patent for an improvement in corn-planters having the rear main frame mounted on supporting wheels and a front runner-frame hinged or pivoted to the main frame, the claim was for a slotted lever connected with the runner-frame by a bolt passing through the slot, in combination with a shaft journaled at one end to the main frame and at the other end to the seat-standard, with a lifting hand-lever rigidly attached to that shaft, for elevating, depressing and controlling the runners. Twenty-three months afterwards, a reissue was obtained, containing claims for any form of foot-lever and hand-lever used in combination for the purpose of elevating and depressing the runners, and other claims, differing only in being restricted to a hand-lock-lever used in connection with the foot-lever, or in requiring the two levers to be rigidly connected together. Before the plaintiff's invention, a foot-lever and hand-lever had been used in combination, rigidly connected together, and with a lock on the hand-lever. *Held*, that the reissue was void.

BILL IN EQUITY for infringement of letters patent. Decree dismissing the bill. Complainant appealed. The case is stated in the opinion.

*Mr. Edward Boyd* for appellant, *Mr. E. E. Wood* was with him on the brief.

*Mr. Arthur Stem* for appellee.

MR. JUSTICE GRAY delivered the opinion of the court.

This is an appeal from a decree dismissing a bill in equity for the infringement of letters patent, issued August 10, 1880, and reissued July 11, 1882, for improvements in corn-planters. 23 Fed. Rep. 42.

The drawings referred to in the two patents were alike. So

much of the specifications as related to the matter in controversy differed as shown below, the words of the original patent omitted in the reissue being printed in brackets, and those inserted in the reissue printed in italics.

"My invention relates to an improvement in *the* corn-planters of the class employing a main frame mounted on wheels, which main frame is combined with a runner-frame in front, and so attached to the main frame that it may be either a rigid or yielding planter, and also employing cone-gears and driving-chains to actuate the dropping mechanism for planting, and adapted to be used either as a rigid or yielding planter.

"My improvement consists, first, in the arrangement of a lifting hand-lever [mounted upon a shaft and] connected to [the] *a* foot-lever [centrally] *which is* pivoted to the main frame, the forward end of which lever is hinged to the runner-frame, [and] the several parts being so arranged that the runner-frame may be controlled by either the hand-lever or foot-lever, or both, at the will of the operator.

"*My invention further consists in combining with* the hand-lever [being combined with] detachable fastening devices, so as to be set in proper position to form a rigid planter, and so that the fastening devices can be dispensed with, and the hand and foot levers used to control the operation of the machine, when used as a yielding planter."

"In the accompanying drawings, Fig. 1 is a side elevation, partly in section, of a corn-planter embodying the first features of my invention. Fig. 2 is a front elevation, partly in section, of the same. Fig. 3 is a broken plan view, partly in section, showing the connection between the hand and foot levers."

"*d* represents a shaft journaled at one end [to] *in* the main frame and at the other to the seat-standard.

"*c'* represents the journal-bracket at the seat-standard, the foot-lever F being rigidly connected to and journaled on [the] shaft *d*.

"D represents a hand-lever rigidly [attached to] *connected to the foot-lever by* shaft *d, or other equivalent means.*

"E represents a segmental notch-plate rigidly fastened to the main frame A.

"$d'$ represents a lock for lever D, passing through the shoulder of lever D, and engaging at one end with the segmental notch-plate E, and hinged at the other end to a bell-crank lever, $d^2$, the movement of which locks and unlocks the lifting-lever D.

"When it is desired to operate the machine as a yielding planter, the locking device $d'$ is thrown out of connection with the segment-plate, and secured by a hasp, $d^3$, the hand and foot levers then being free to vibrate with the runner-frame and under control of the operator. When the locking devices of the lifting-lever D are brought into operation, the operator sets the runner-frame in any given position by means of lever D, the lock-lever holding it rigid, but under easy control of the hand; or the foot-lever may be used to assist in raising or lowering the frame, and the weight of the driver may be thrown upon the foot-lever to force the runners into the ground, if necessary."

The original patent contained the following claim, the words here printed in brackets being those omitted in the reissue:

"In a corn-planter having the rear main frame mounted on supporting wheels, the front runner-frame hinged or pivoted to the main frame [and operated by an elevating and depressing lever pivoted to the main frame, having its front end slotted, and connected to the runner-frame by a bolt passing through said slot, in combination with the shaft $d$ and the lifting hand-lever D, rigidly attached to said shaft, for elevating, depressing and controlling the runner-frame, substantially as herein set forth]."

For this claim the reissue substituted the following four claims, the new words in which are here printed in italics:

"1. In a corn-planter having the rear main frame mounted on supporting-wheels, *and* the front runner-frame hinged or pivoted to the main frame, *the combination of a foot-treadle and a hand-lever adapted to be used, in conjunction or independently, for the purpose of elevating or depressing the runners, substantially as herein set forth.*

" 2. In a corn-planter having the rear main frame mounted on supporting-wheels, *and* the front runner-frame hinged or pivoted to the main frame, *a foot-treadle for elevating or depressing the runner-frame, in combination with a hand lock-lever, the foot-treadle and hand-lever adapted to be used in conjunction for forcing and locking the runners into the ground or lifting and locking them out of the ground, substantially as herein set forth.*

" 3. In a corn-planter having the rear main frame mounted on supporting wheels, *and* the front runner-frame hinged or pivoted to the main frame, *a foot-treadle for elevating or depressing the runner-frame, in combination with a hand-lever rigidly connected therewith, that either hand-lever or treadle may be used for forcing the runners into the ground or lifting them out of the ground, substantially as herein set forth.*

" 4. *The combination,* in a corn-planter having the rear main frame mounted on supporting wheels, *and* a front runner-frame hinged or pivoted to the main frame, *of a foot-treadle for elevating the runner-frame, and a hand-lever for elevating or depressing the same, both arranged to move simultaneously when either is acted upon by an operator.*"

It thus appears that while the claims, both of the original patent and of the reissue, relate to a corn-planter having the rear main frame mounted on supporting wheels, and the front runner-frame hinged or pivoted to the main frame, the difference between them is this:

The claim in the original patent is limited to a lever having its front end slotted, and connected with the runner-frame by a bolt passing through the slot, in combination with a shaft journaled at one end to the main frame and at the other to the seat-standard, and with a lifting hand-lever rigidly attached to that shaft, for elevating, depressing and controlling the runner-frame.

In the reissue, on the contrary, the first and fourth claims undertake to cover any form of foot-lever or treadle and hand-lever used in combination for the purpose of elevating or depressing the runners; the second claim differs only in being restricted to a hand lock-lever used in connection with the

foot-lever'; and the third claim, in requiring the two levers to be rigidly connected.

In the Kelly machine, patented September 14, 1875, and in public use before the plaintiff's invention, a foot-lever and hand-lever had been used in combination, rigidly connected together, (certainly quite as much so as in the defendant's machine,) and with a lock on the hand-lever.

The only feature of the plaintiff's machine which can possibly be considered as new is a slotted lever connected with the runner-frame by a bolt, and the hand-lever mounted upon a shaft journaled at one end to the main frame and at the other end to the seat-standard, thereby facilitating the depressing of the runners by a single movement. The claim in the original patent is limited to a mechanism containing that feature, which is not found in the defendant's machine. The enlargement of the claims in the reissue, so as to embrace machines not containing that feature, is void, under the rule established by recent decisions of this court, too numerous and familiar to require citation.

*Decree affirmed.*