SKINNER *v.* CARPENTER.

PATENTS; INTERFERENCE.

1. The question of the right of one of the parties to an interference to make the claims of his application is one that goes to the foundation of the

interference, and may be raised and brought up on the final appeal from an award of priority. (Following *Podlesak* v. *McInnerney*, 26 App. D. C. 399.)

2. To warrant the reissue of a patent there must not only have been a mistake by the patentee, with no want of reasonable diligence in its discovery, but it must also appear that no third person has in the meantime acquired the right to manufacture and sell what the patentee has failed to claim.

No. 663. Patent Appeals. Submitted November 10, 1910. Decided January 3, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case. *Reversed.*

The facts are stated in the opinion.

*Mr. C. H. Duell, Mr. F. P. Warfield,* and *Mr. H. S. Duell* for the appellant.

There was no appearance for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference case involving priority of invention of a dental tool for removing crown pins from teeth. The issue is in the two following counts:

"1. In combination with the jaws, of a spring base common to both jaws, means for moving said jaws toward each other, a post having a part adapted to rest upon the root of a tooth, and means for moving said post.

"2. In a dental tool for removing crown pins, the combination with a vise having spring jaws with tapered ends adapted to engage the pin, and screw threaded means disposed transversely of said jaws, and adapted to draw them tightly together upon the pin, of a thrust member slidably mounted in said vise, and at one end lying alongside of the pin-engaging ends of said

jaws, and means engaging the other end of said thrust member to effect a relative longitudinal movement between the latter and the vise."

As briefly described by the Commissioner: "The invention is a tool for extracting crown pins from the roots of teeth, consisting essentially of a small vise with spring jaws for gripping the pin and a member sliding between the jaws, which is forced against the root by a screw, or an equivalent device, to withdraw the pin. The form of the sliding member (called the post) and the specific means for moving it are different in the two cases, but the claims in issue are for the broad invention."

Motions to dissolve were made on various grounds. These having been decided in favor of the appellee, George T. Carpenter, it was held on the evidence that while Frank H. Skinner was the first to conceive the invention, he had failed to reduce it to practice with diligence.

These decisions appear to have been correct in the main, and we shall consider but one of the reasons of appeal, which is: "The Commissioner erred in holding that Carpenter had the right to make the claims of the issue in his reissue application."

Carpenter filed his original application on June 22, 1905, on which patent issued February 20, 1906. The reissue application was filed August 9, 1907. Skinner filed on July 1, 1907. After some delays in the Patent Office, the present interference was declared.

The question of the right of Carpenter to make the claims of the present application is one that goes to the foundation of the interference, and may be raised and brought up on the final appeal from an award of priority. *Podlesak* v. *McInnerney,* 26 App. D. C. 399.

Passing by the right of Carpenter to reissue, for the purpose of broadening claims for an invention that was described originally, within a reasonable time, it is necessary to consider the conditions arising between the date of his patent and the date of application for reissue. Notwithstanding his delay, between 1902, when he made his first experimental device, and the be-

ginning of 1907, Skinner then went to work with diligence. He then commenced the manufacture of a device within the terms of the present issue, and his first sale was made in February. Since then he has manufactured several thousands and made many sales.

It appears from the uncontradicted testimony of Skinner that he showed his invention to Carpenter, who had ceased manufacture under his patent. Within about two weeks thereafter, Carpenter filed his reissue application with claims dominating the device of Skinner, which was not an infringement of the patent.

It is well settled law that to warrant a valid reissue of a patent there must not only have been a mistake by the patentee, with no want of reasonable diligence in its discovery, but also that no third person has in the meantime acquired the right to manufacture and sell what the patentee had failed to claim. *Coon* v. *Wilson,* 113 U. S. 268, 277, 28 L. ed. 963, 965, 5 Sup. Ct. Rep. 537; *Farmers' Friend Mfg. Co.* v. *Challenge Corn-Planter Co.* 128 U. S. 506, 510, 32 L. ed. 529, 531, 9 Sup. Ct. Rep. 146; *Topliff* v. *Topliff,* 145 U. S. 156, 171, 36 L. ed. 658, 664, 12 Sup. Ct. Rep. 825.

For the reasons given the decision will be reversed, and this decision will be certified to the Commissioner of Patents.

*Reversed.*