The lot in question contains two hundred and fifty acres of land, and the question is whether the land was "in the actual occupancy of any person" on the first day of August, 1845, the date of the comptroller's deed to the plaintiff. (1 R.S. 412, § 83.) Lot number 84 in Duer's patent is bounded on the west by lot number 57, and those two lots are bounded in part on the south by lot number 4 of the gore. There was a brush fence on and near the south line of lots 84 and 57, but the fence was crooked, and near the southwest corner of 84 included a small strip or nook of land, containing about two and a half square rods in a meadow upon lot 4. When, or by whom the fence was made, did not appear. On the second day of July, 1845, nearly a month before the date of the comptroller's deed, one Baker took possession of lot 4 of the gore under a contract to purchase the same from the plaintiff; and Baker that season mowed the meadow on lot 4, including the nook, which on a subsequent survey, was found to be a part of lot 84. Baker did not know at the time that the fence to which he mowed inclosed any part of lot 84. Vaughan, who prior to July, 1845, held a contract for the purchase of lot 4 of the gore, never claimed to occupy or be in possession of any part of lot 84; nor was there any proof that those who had occupied number 4 ever claimed any part of lot 84, or that they knew or supposed that any part of that lot was included by the brush fence in the gore lot meadow, until Baker discovered the fact some time after he took possession. The fact seems to be, that the one who made the brush fence intended it should be on the line between the lots. But as the land was worth only three dollars per acre, and the fence was of a cheap and temporary nature, no great pains were taken to make it straight; and the strip in question, amounting to only one sixteen thousandth part of the lot, and not of the value of five cents, was included in lot 4 by mistake. I have no doubt that the jury would have so found the fact, if the question had been left to their decision. But the judge refused to submit the question of occupancy to the jury, and nonsuited *Page 579 
the plaintiff. In all of the cases where it has been held that notice was necessary, there was a substantial occupancy of some part of the lot or parcel of land which had been sold by the comptroller, with an intention to enjoy the property, either by right or by wrong; while here the enjoyment seems to have been merely accidental, and without an intention to occupy any part of lot 84. I think there was no occupancy of the lot within the meaning of the statute. But if that was matter of doubt upon the evidence, the question should have gone to the jury. The judgment should therefore, be reversed, and a new trial granted.
Ordered accordingly.