JOSIAH LOCKWOOD, Respondent, *v.* EDWARD GEHLERT, Appellant.

A freeholder cannot be deprived of his land under the taxing power of the state, unless the procedure prescribed, construing strictly the statute, is substantially complied with.

Under the provisions of the title of the New York Consolidation Act (§§ 945, 946, chap. 410, Laws of 1882), in relation to sales of land for taxes, assessments and water rates, requiring "the grantee or the person claiming under him, *in order to complete his title*" to land conveyed by

the city comptroller under a tax sale, to file with the clerk of arrears an affidavit of service upon the owner and occupant of notice to redeem, and directing the comptroller, in case he shall be satisfied by the affidavit that the notice has been duly served, if the moneys required for redemption have not been paid, to certify to the fact " under his hand and seal," and declaring that " the conveyance shall *thereupon* become absolute," the comptroller's certificate in the form prescribed is a condition precedent to the vesting of title in the grantee or a claimant under him. A certificate, to be effectual to transfer the title, must be sealed as well as signed by the comptroller, and the seal must be affixed by the comptroller who signed it.

Where, therefore, in an action of ejectment in which defendant claimed under a comptroller's deed on sale of the land for unpaid taxes, it appeared that a certificate in due form was signed by the comptroller, but was not sealed; that after the expiration of his term of office, and before any attempt to redeem had been made, his successor caused a seal to be affixed to the certificate, *held*, that defendant had acquired no title.

Reported below, 53 Hun, 15.

(Argued April 28, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 24, 1889, which affirmed a judgment in favor of plaintiff entered upon the decision of the court on trial at Special Term.

Action of ejectment to recover possession of a parcel of land situate near the corner of Fourth avenue and One Hundred and Twenty-sixth street in the city of New York.

The defendant, by his original answer, simply denied the title of the plaintiff, but by a supplemental answer he alleged title in himself under a tax lease for the term of 1,000 years. Upon the trial, however, his counsel announced that he made no question as to the plaintiff's chain of title, and the only issue tried was as to the defendant's title under his lease.

The trial court found, upon the request of the defendant, that the tax sale, pursuant to which said lease was given, " and all proceedings prior thereto, from and including the assessments on said premises for taxes and Croton water rents, and all notices required by law to be given previous to the expiration of the two years allowed to redeem, were regular and

according to the provisions of the statute in such cases made and provided."

Further facts appear in the opinion.

*David Gerber* for appellant. All steps having been taken and notices given as required by the statute, the omission by the comptroller to affix a seal to the certificate, if such seal was omitted, does not invalidate the defendant's title. (Laws of 1871, chap. 381; Laws of 1882, chap. 410, §§ 915, 924.) In any event, the direction to affix a seal to the comptroller's certificate that there has been no redemption, is merely directory, and the act has been substantially complied with. (*Chamberlain* v. *Taylor*, 26 Hun, 25; 105 N. Y. 185; *Draper* v. *Springport*, 104 U. S. 501; *People ex rel.* v. *Cady*, 105 N. Y. 299; *Pierce* v. *Hall*, 41 Barb. 142; *Town of Solon* v. *W. S. Bank*, 114 N. Y. 122; *Gibbs* v. *Dortsch*, 62 Miss. 671; *Parish* v. *Golden*, 35 N. Y. 462.) The inadvertent omission of the seal being the fault of the comptroller, the penalty for that omission will not be visited upon the purchaser. (*Phelps* v. *Hanley*, 52 N. Y. 23; *M. Co.* v. *Laimbeer*, 108 id. 578; *Jackson* v. *Young*, 5 Cow. 269; *Cameron* v. *Seaman*, 69 N. Y. 396; *Veeder* v. *Mudgett*, 95 id. 295.) The certificate being in the nature of a public document, and the seal that of a public office, it could be affixed by the comptroller's successor in office. (*Herron* v. *Murphy*, 13 At. Rep. 958.) The notice to redeem was duly and properly served, and at the proper time. (*Comstock* v. *Beardsley*, 15 Wend. 348; *Purdy* v. *Coar*, 109 N. Y. 448; *Roberts* v. *Tobias*, 120 id. 1; *Schwinger* v. *Raymond*, 83 id. 192.) The objection which the General Term raised that the certificate of the comptroller was defective, " because it was made on the day and not before the day of the delivery of the deed," is untenable. (53 Hun, 15.) The judgment in the case of Lockwood against Cady, to which the defendant was not a party, is not binding upon him, nor an authority upon the questions presented. (*Union Bank* v. *Marin*, 3 La. Ann. 34; *V. & C. R. R. Co.* v. *V. C. R. R. Co.*, 14 Am. R. Rep. 497–531; *L. M. Co.* v. *Mills*, 138 U. S. 552;

*Campbell* v. *Hall*, 16 N. Y. 575.) The court below erred in admitting in evidence the record in the case of *Lockwood* v. *Cady*. (*People* v. *Walter*, 69 N. Y. 403.) All proceedings prior to the execution of the lease were regular and unassailable. (*Clark* v. *Mayor, etc.*, 111 N. Y. 621.) The sale was not invalid because there was a penalty of fifteen per cent added to the water rents and a charge of interest upon such penalty. (Laws of 1849, chap. 383, § 20; Laws of 1851, chap. 298, §§ 1, 2; Laws of 1853, chap. 579, §§ 10, 15; Laws of 1854, chap. 335; *State* v. *Hall*, 53 Miss. 626; *United States* v. *Graham*, 110 U. S. 219; *United States* v. *Temple*, 106 id. 97; *Brown* v. *United States*, 113 id. 568; *United States* v. *Philbrick*, 7 J. & S. 413; *Hersel* v. *Porter*, 100 N. Y. 410; *Power* v. *Village of Athens*, 99 id. 592; *Husson* v. *City of Rochester*, 67 id. 535; *Schell* v. *Fauche*, 138 U. S. 562.) The notice to redeem published by the clerk of arrears properly required the owner to pay the expense of such advertisement. (Laws of 1871, chap. 381, § 9.) No new advertisement was necessary of the continuance of the sale. (Laws of 1871, chap. 381, § 6; Laws of 1882, chap. 410, § 928.)

*John Townshend* for respondent. At the time of the trial appellant did not show that the owner was barred of all right to the premises during the term of years for which the property was sold, and that he, appellant, had completed his title to such term of years. (Laws of 1882, chap. 410, §§ 926, 941, 945, 946, 947.) The lease produced on the trial gave appellant neither title nor right to the immediate possession until there was affixed thereto the certificate of the comptroller, under his hand and seal, that no redemption had been made. (Laws of 1882, chap. 410, §§ 945, 946; Laws of 1819, chap. 210; *Jackson* v. *Esty*, 7 Wend. 148; 1 R. S. 397, 413, §§ 87, 88; *Bush* v. *Davison*, 16 Wend. 550; *Comstock* v. *Beardsley*, 15 id. 348; *Leland* v. *Bennett*, 5 Hill, 286; *Smith* v. *Sanger*, 3 Barb. 360; *Stewart* v. *Crysler*, 21 Hun, 286; *McGarrahan* v. *Mining Co.*, 96 U. S. 316; *Marsh* v. *Nichols*, 128 N. Y. 605.) The decisions referred to were all based upon laws

which simply required the certificate of the comptroller. The Consolidation Act (§ 946), required a certificate under the hand and seal of the comptroller. Under this law a certificate merely signed by the comptroller without being sealed by him was not sufficient. It was as if no certificate had been given. (*Briggs* v. *Partridge*, 7 J. & S. 343; Laws of 1871, chap. 381, §§ 13, 15, 16; *Franklin* v. *Pearsall*, 21 J. & S. 271; *Deputron* v. *Young*, 134 U. S. 253.) The difficulty with the appellant is that instead of obtaining a certificate from the comptroller then in office, the defective certificate was attempted to be corrected by the unauthorized addition by Artemus S. Cady of a seal to the signature of E. V. Loew, then out of office. (*Worrall* v. *Munn*, 5 N. Y. 229.) The appellant was bound by the judgment in *Lockwood* v. *Cady*. (Code Civ. Pro. § 452; *Johnston* v. *Donavan*, 106 N. Y. 269; *Heiser* v. *Hatch*, 86 id. 614; *Calkins* v. *Allerton*, 3 Barb. 171; *Witmore* v. *Bruce*, 118 N. Y. 319.)

VANN, J. It is conceded that the plaintiff was entitled to recover possession of the premises in question, unless his title thereto was divested and transferred to the defendant for the period of the lease, by virtue of proceedings taken to enforce collection of the tax. As the regularity of procedure up to and including the sale is not questioned, it will be necessary to examine only those sections of the statute that govern the subsequent proceedings.

After the delivery to the purchaser of a certificate of sale, as required by section 926 of the Consolidation Act (Laws 1882, chap. 410), the next step is the publication of a notice that " unless the lands and tenements sold be redeemed by a certain day, they will be conveyed to the purchaser." If the premises are not redeemed within two years from the date of the certificate, the comptroller is required to execute to the purchaser a lease thereof " for such term of years as the same shall have been sold, * * * and such purchaser * * * shall in virtue thereof *and of this title* lawfully hold and enjoy the said lands and tenements in said lease mentioned for

his  *  *  *  own proper use against the owner or owners
thereof and all claiming under him until such purchaser's term
therein shall be fully complete and ended,  *  *  *  pro-
vided that such lease shall not be executed and delivered until
the expiration of six months after the publication of " said
notice to redeem.  (Id. § 941.)  The title referred to includes
all of the sections of the act relating to " sales of land for
taxes, assessments and water rates."

The grantee is required to serve upon the occupant, if there
is one, and in all cases upon the owner of the property so con-
veyed, a written notice stating certain facts and that unless the
sum paid upon the sale and forty-two per centum additional,
together with the expenses, shall be paid to the clerk of
arrears for the benefit of the grantee within six months after
service of such notice, " the said conveyance will become abso-
lute and the owner, occupant and all others interested in the
lands and tenements be barred from all right and title thereto
during the term of years for which such lands or tenements
shall have been conveyed."  No conveyance so made, as
aforesaid, " shall be recorded," as the statute further provides
" until the expiration of such notice, and the evidence of the
service of such notice shall be recorded with such conveyance."
(Id. § 943.)

After prescribing how the notice shall be served, it is next
provided that " the grantee, or the person claiming under him,
*in order to complete his title* to the land conveyed, shall file
with the said clerk of arrears an affidavit  *  *  *  that such
notice was duly served, specifying the time of service, the
mode and manner of service and a copy of such notice shall
be attached thereto."  (Id. § 945.)

The remaining provisions, directly applicable to the case in
hand, are as follows, viz. :

" § 946.  If the said comptroller *shall be satisfied by such
affidavit* that the notice has been duly served, and if the
moneys required to be paid for the redemption of such lands
or tenements shall not have been paid as hereinbefore pro-
vided, he shall, *under his hand and seal* certify to the fact,

and the conveyance shall *thereupon* become absolute and the owner and all others interested in the lands or tenements shall be barred of all right thereto during the term of years for which the same shall have been conveyed.

" § 947. The owner, occupant, or any other person may at any time within the six months named in such notice, redeem the lands and tenements by paying such purchase-money, with the addition of forty-two per cent thereon and the amount that shall have been paid for the lease, and every such redemption shall be as effectual as if made before the conveyance of the lands or tenements sold."

All of the proceedings required by these provisions of the statute were duly taken by or in behalf of the defendant, except that the certificate of the comptroller, required by section 946, had no seal. A certificate was given March 24, 1885, by Mr. Loew, the comptroller then in office, proper in form and duly signed, but not sealed. After Mr. Loew's term of office had expired, but before any attempt at redemption, Mr. Myers, the succeeding comptroller, caused a seal to be affixed to the certificate made by his predecessor, and at the same time application was made to him in behalf of the defendant for a new certificate, which does not appear to have been given. Mr. Loew testified that he was " satisfied " as to the facts stated in the certificate when he made it, but there is no evidence that Mr. Myers was thus " satisfied," or that he examined the affidavit before the seal was affixed.

Shortly afterward, the plaintiff, claiming that he had a right to redeem until a proper certificate was made, tendered the amount required for that purpose, and the clerk of arrears receipted for the same under the compulsion of a judgment recovered against him by this plaintiff in an action brought to compel redemption, but to which this defendant, although notified of the pendency thereof, was not a party.

The question presented for decision is not whether the defendant is entitled to have his lease made absolute, but whether it was already absolute at the time of the trial, so that the plaintiff was then barred of all right to the premises during

the term of the lease. If all of the provisions of the statute were fully complied with except the final act, and that was necessary to complete the defendant's title, it is clear that until that act has been performed, he is not entitled to possession as against the plaintiff. When, therefore, does the title to lands sold, under the Consolidation Act for non-payment of taxes, pass from the owner to the purchaser?

The defendant claims that it passes upon the expiration of the period specified in the six months' notice to redeem, provided due proof of the service thereof has been filed, and that "the object of the comptroller's certificate is not to complete the title, but to guard against the lease being recorded before the service of the notice to redeem and the expiration of the time fixed therein." This position, however, does not accord with the statute as we read it, nor with the decisions of the courts in analogous cases. A freeholder cannot be deprived of his land under the taxing power of the state unless the procedure prescribed, when strictly construed, is substantially complied with. The object of the statute is not simply to collect the tax, but also to carefully protect the land owner from sacrifice. After the sale is completed, the tax is collected and the demand of the state thereby satisfied, but much more must be done before the title of the purchaser is completed and the owner deprived of his land. A two years' notice to redeem is first given by publication, and six months after, if redemption is not made, a lease is given, but it does not entitle the purchaser to possession. The provision in section 941 as to the rights of purchasers holding leases, refers to the lease when completed by the subsequent proceedings, for the purchaser holds and enjoys "in virtue thereof," that is, of the lease "and of this title," which includes all of the provisions relating to the subsequent proceedings to make the conveyance absolute.

After constructive notice to redeem has been given for two years, actual notice to owners and occupants is required by the service upon them personally of a six months' further notice to redeem, except that a non-resident of the city may be served

by mail, and a resident may be served by leaving the notice at his dwelling-house.

The lease or conveyance cannot be recorded until six months after this notice has been served, and the evidence of service must be recorded therewith. The purchaser, "in order to complete his title," must also file with the clerk of arrears an affidavit "that such notice was duly served." Finally, the comptroller, if "satisfied by such affidavit that the notice has been duly served," in case the money to redeem has not been paid, is required to "certify to the fact, and the conveyance shall thereupon become absolute" and the owner barred. The language of the statute indicates that all of the proceedings prior to the comptroller's certificate are simply steps in the process of completing the title, and that it is incomplete until that certificate is made. Upon performance of that final act the title passes, for until the conveyance has become absolute and the owner is barred, the title of necessity must continue in him, as it can be in no other person. "Thereupon," as used in the section under consideration (946), is the significant word that determines when the title of the purchaser is complete so that he is entitled to possession. As the title passes "thereupon," that is, upon the giving of the certificate, it could not have passed before.

The authorities are uniform in supporting the construction thus indicated.

By a general statute relating to the assessment and collection of taxes, passed in 1819, a system of procedure was established quite similar to the one under consideration, and, among other things, a like certificate was required from the state comptroller. (L. 1819, ch. 201, § 5.) It was held under that act that title could be perfected only by giving the notice to redeem and obtaining the certificate of the comptroller. (*Jackson* v. *Esty*, 7 Wend. 148.)

Under the Revised Statutes, which contain provisions to the same effect in regard to occupied lands, and substantially identical in language with sections 945 and 946 of the Consolidation Act, it has been held that the comptroller's certificate is a

condition precedent to the vesting of title in the purchaser. (*Bush* v. *Davison*, 16 Wend. 550, 556; *Smith* v. *Sanger*, 3 Barb. 360, reversed, but upon the question of occupancy only, 4 N. Y. 577; *Lucas* v. *McEnerna*, 19 Hun, 14, 15; 1 R. S. 413. See also *Stewart* v. *Chrysler*, 21 Hun, 286; *S. C.*, 100 N. Y. 378, 385; *Caulkins* v. *Chamberlain*, 37 Hun, 163.)

As the certificate required by section 946 was essential to complete the defendant's title, the question remains whether the certificate given to the defendant conformed to the statute.

It is contended that the seal is unnecessary and that the provision for its use is merely directory. It is mandatory in form, for the statute commands that the comptroller "shall, under his hand and seal, certify to the fact." If not mandatory as to the seal, is it mandatory as to the signature? If the courts, by construction, may dispense with the one, why may they not dispense with the other, or with both? Under a statute of Ohio that required the state auditor to transmit to the county auditor certain lists of unpaid taxes, "said lists to be certified and signed by the auditor of state and to have thereto affixed his seal of office," it was held that the omission of the official seal was fatal. (*Hannel's Lessee* v. *Smith*, 15 Ohio. 134.) So the signature of an officer, without his title (*Spear* v. *Ditty*, 9 Vt. 282), or with the wrong title, when, as, collector, he was required to sell, and as town clerk to record, has been held to vitiate a sale for taxes. (*Isaacs* v. *Shattuck*, 12 Vt. 668.)

When the statute provides that a seal shall be used, we have no power to adjudge that a signature, without a seal, is sufficient. The legislature saw fit to specify the method of authenticating the certificate, which, as we have seen, is the culminating act in transferring the title to land for non-payment of taxes, and we regard every part of the requirement as mandatory. This is in accordance with the rule of strict construction that appertains to the subject. (1 Blackwell on Tax Titles, § 469, 5th ed.)

Was the signature of one comptroller and the seal of another sufficient to satisfy the statute?

Assuming that the seal was in no sense personal, but that it was the seal of the comptroller's office, and in that sense, continuous, what was its effect as thus affixed? If the other requirements of the statute were complied with, the proper use of the seal completed the certificate and the certificate completed the title of the purchaser. By whom and under what circumstances can the seal having this vital function be lawfully affixed? Two facts must co-exist before the seal can be thus used: 1. The comptroller must be satisfied by the affidavit that the notice has been served. 2. The redemption money must remain unpaid. Whether the comptroller should certify to both facts, or only to the latter, as was held in *Caulkins* v. *Chamberlain* (*supra*), is not in this case important, but it is essential in all cases that both should exist. The first involves a judicial act on the part of the comptroller, for he can be "satisfied," within the meaning of the statute, only by examining the affidavit and officially deciding that it proves service of the notice upon the proper persons and in the proper manner. (Id. p. 169.) If thus satisfied he must sign and seal the certificate, as the exclusive evidence of his judicial action, provided the money has not been paid. Such an act is necessarily personal to the extent that it cannot be performed in part by one comptroller and in part by his successor, because the signing and sealing authenticates the judicial decision of the officer who made it, the same as the signature of a judge authenticates his decision upon the trial of an action. No one would claim that a judge could effectually sign a decision made by his predecessor. We think, as was pointedly said by the learned trial judge, that " the hand of one comptroller and the seal of another will not answer. One mind must be satisfied and that satisfaction expressed by the hand and seal of the official who made it." If this is not so, when did the title pass, when comptroller Loew signed, or when comptroller Myers sealed? If it passed under the hand of the former no seal was necessary and the command of the statute is disregarded. If it passed under the seal of the latter, an essential step in authenticating a judicial act was taken by one who

took no part in the decision. (*Marsh* v. *Nichols*, 128 U. S. 506 ; *Deputron* v. *Young*, 134 id. 253.)

Our conclusion is that the defendant had no title to the premises in question, and no right to the possession thereof, because the required certificate was not sealed by the officer who signed it.

The judgment, therefore, should be affirmed, with costs.

All concur.

Judgment affirmed.