### BARNES v. KANDT, County Treasurer, et al.

(Supreme Court, Equity Term, Oswego County. September, 1911.)

1. TAXATION (§ 799*)—ACTION TO TRY TITLE—TITLE AND POSSESSION OF PLAINTIFF.

Land in possession of one holding as trustee for his children was sold for taxes in 1878, and the children in 1880 quitclaimed the premises to their mother, who by will leased all the real estate to a daughter for the use of all the children, and thereafter the daughter resided upon the premises and had exclusive possession and paid the taxes thereon to about 1904, and also acquired the interests of the other children. *Held*, that the daughter's title and possession were sufficient to support an action to remove the cloud of the tax title.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1584, 1585; Dec. Dig. § 799.*]

2. TAXATION (§ 788*)—TAX DEEDS—EFFECT AS EVIDENCE.

A tax deed, regular upon its face, is prima facie evidence that all proceedings taken prior to and including the giving of the deed were regular.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1555, 1557, 1559–1569; Dec. Dig. § 788.*]

3. TAXATION (§§ 701, 696*)—REDEMPTION—NOTICE AND SERVICE OF NOTICE—STATUTORY PROVISIONS.

Tax Law 1855, c. 427, § 68, relating to tax sales and deeds, made it necessary for the purchaser to give notice to redeem where the premises sold were occupied, and required that such notice, together with the proof of service, be recorded with the conveyance before the title of the purchaser could become absolute. Laws 1878, c. 65, enacted as an amendment to the tax laws of Oswego County, by section 8 provided for redemption within two years, by section 9 that after that period the county treasurer should execute a conveyance vesting an absolute estate in the purchaser, and by section 12 that the existing laws should remain in effect as to all matters not covered by the amendment, but made no provision as to notice to redeem or for the record of proof of notice. Land in Oswego county was thereafter sold for taxes, and the county treasurer executed a deed to the purchaser which was regular on its face and was recorded, but the purchaser gave no notice of redemption and recorded no proof of notice. *Held*, in an action to remove the cloud of the tax title, that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provisions of the Tax Law as to notice were not repealed by the amendatory act, and that without notice of redemption and record of notice thereunder the purchaser's tax deed could not ripen into an absolute title.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1407–1411, 1393; Dec. Dig. §§ 701, 696.*]

4. CONSTITUTIONAL LAW (§ 285*)—DUE PROCESS OF LAW—NOTICE TO REDEEM FROM TAX SALE.

A taking of property under a tax sale without a notice to redeem, as required by the Tax Law of 1855 (Laws 1855, c. 427) and subsequent tax laws, violates the constitutional guaranty of due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 897–903; Dec. Dig. § 285.*]

5. TAXATION (§ 727*)—RETROACTIVE LAWS—CURATIVE ACT—JURISDICTIONAL DEFECT.

A tax sale was made in 1878, but the purchaser did not comply with Tax Law 1855, c. 427, § 68, which made a notice to redeem necessary where the premises were occupied, and required that proof of such notice be recorded with the conveyance, and which was then in force, notwithstanding Laws 1878, c. 65, which made no provision for the giving of notice to redeem or for recording proof of such notice. Laws 1882, c. 322, amended the act of 1878 and in effect incorporated the provisions of the Tax Law of 1855 relating to notice to redeem and record of notice, and by section 15 the sales of lands for nonpayment of taxes made in the county of Oswego under Laws 1878, c. 65, and all acts done thereunder, were in all respects ratified and confirmed. *Held,* that it was not within the power of the Legislature by Laws 1882, c. 322, to cure the defects and validate the proceedings and the record.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 727.*]

6. TAXATION (§ 788*)—TAX DEEDS—EFFECT AS EVIDENCE—STATUTORY PROVISIONS.

Under Laws 1878, c. 65, § 10, which provided that the county treasurer's tax deed should be conclusive evidence that the sale was regular, as amended by Laws 1882, c. 322, a tax deed, regular on its face and recorded, was not conclusive evidence of the validity of the proceedings, where the record was void for failure to comply with Tax Law 1855, c. 427, § 68, requiring proof of notice to redeem to be recorded with the deed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1555, 1557, 1559–1569; Dec. Dig. § 788.*]

7. TAXATION (§ 805*)—RETROSPECTIVE LAWS—STATUTE OF LIMITATIONS.

Tax Law (Consol. Laws 1909, c. 60) § 132, which provided that every conveyance by a county treasurer and the taxes and tax sales on which it was based should be subject to cancellation by reason of any defect in the proceedings affecting the jurisdiction, provided action therefor was brought within one year from June 15, 1896, was constitutional, since the principle that jurisdictional defects in tax titles cannot be cured by a retrospective act does not apply to a statute of limitations.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597; Dec. Dig. § 805.*]

8. TAXATION (§ 805*)—TAX DEEDS—ACTION TO QUIET CLOUD OF TAX TITLE—LIMITATIONS.

Where the holder of a tax deed failed to give notice to redeem or to record proof of service of notice, as required by the statute in force at the time the proceedings were had, the record itself was void, and the one-year limitation for the commencement of actions to cancel such tax deeds provided by Tax Law (Consol. Laws 1909, c. 60) § 132, never began to run.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597; Dec. Dig. § 805.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

9. TAXATION (§ 805*)—TAX DEEDS—ACTION TO QUIET CLOUD OF TAX TITLE—
   LIMITATIONS.
   Where land had been sold at tax sale in 1878, and the possession of the
   owner having the right to redeem was in no way disturbed or contested
   by the purchaser until after 1904, when the owner, after a tender, brought
   an action to quiet the cloud of the tax title, the one-year statute of lim-
   itations for bringing actions for cancellation of tax deeds provided by
   Tax Law (Consol. Laws 1909, c. 60) § 132, never began to run.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597;
   Dec. Dig. § 805.*]

10. TAXATION (§ 743*)—TAX DEEDS—RIGHT OF PURCHASER FROM GRANTEE.
    Where the grantee under a tax deed was never in possession of the
    property described therein, which was held adversely to any claim or
    right which he had, the grantee's deed to a purchaser was void.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1485–1488; Dec.
    Dig. § 743.*]

Action by Caroline F. Barnes against Herman W. Kandt, as County
Treasurer of Oswego County, and others. Judgment for plaintiff.

Reilly & Sullivan, for plaintiff.

A. E. Oberlander, for defendants, except Kandt.

MERRELL, J. This action is brought to remove an alleged cloud
upon the title to plaintiff's real property. The facts are stipulated,
and the defendants move for a dismissal of the complaint upon the
several grounds hereafter considered.

It appears that in the year 1877, one James Barnes was residing on
block 26, lots 1 and 2, corner of Lock and Main streets, in the village
of Phœnix, Oswego county, N. Y., and that he was in possession and
held the same as trustee for his children. The exact nature of the
trust does not appear. The premises were sold at the Oswego county
tax sales, on November 15, 1878, for the unpaid taxes of 1877, and
were bid in by the county and the certificate assigned to one Joshua
M. Williams, for the sum of $20.53, being the full amount of the taxes
and expenses of sale. On or about the 14th day of December, 1880,
the treasurer of the county of Oswego executed and delivered a tax
deed of the premises to the assignee of the certificate of sale, the said
Joshua M. Williams, which deed is regular upon its face and was
recorded in the Oswego county clerk's office January 20, 1881. On or
about March 17, 1893, Joshua M. Williams and wife gave a deed of
the premises to William F. Wickert, one of the defendants, which
was recorded in the Oswego county clerk's office on the 10th day of
April, 1894.

[1] At the time the tax was levied in 1877, James Barnes with his
family were residing upon the premises assessed, and continued to re-
side there until July 8, 1905, when he died, leaving his children, the
plaintiff, Caroline F. Barnes, Cornelia B. Cartter, Frank Barnes, and
Edward Barnes, his sole heirs at law. On December 10, 1880, before
the death of James Barnes, his children aforesaid conveyed the prem-
ises to their mother, Frances C. Barnes, by a quitclaim deed. Frances
C. Barnes died, leaving a will which was dated November 28, 1889,
and admitted to probate April 14, 1890, and recorded in the Oswego

county clerk's office June 13, 1893. It is stipulated that the will leased all of the real estate to her daughter, the plaintiff, Caroline F. Barnes, for the best good of all, and that since said date the plaintiff has resided upon the premises, together with her sister, Cornelia B. Cartter, and has had exclusive control of the property, paying all taxes and making repairs. Before the commencement of this action, said Frank M. Barnes, Cornelia B. Cartter, and C. Edward Barnes quitclaimed their interests in said premises to the plaintiff. It therefore appears that the plaintiff's title and possession are sufficient to warrant the bringing of the action.

[2] Neither Joshua M. Williams nor the defendant William F. Wickert were ever in actual occupancy of the premises. In May, 1894, the defendant William F. Wickert personally served upon James Barnes a notice to the effect that Wickert was the owner of the premises and demanded possession of the same. It is also stipulated that no notice was ever served upon James Barnes or upon the plaintiff or any person occupying the premises, requiring them or either of them to redeem the premises, nor was any affidavit filed with the tax deed showing the service of any such notice, and no notice or affidavit has ever been recorded with or subsequent to the recording of the tax deed. The sale and the tax of 1877, and all proceedings had up to and including the giving of the tax deed, were regular, and the deed is regular upon its face and prima facie evidence of itself that all proceedings taken prior to, including the giving of the deed, were regular. It appears that on March 30, 1904, the plaintiff tendered to the county treasurer of Oswego county the sum of $24.57 in payment of the tax of 1877, and requested him to receive the same in payment of such tax, and that the money remained with him for some time, when the treasurer refused to accept it and returned the deposit to the plaintiff. The defendants further admit in their brief that, if the tax deed to Joshua M. Williams fails, the second or Wickert deed also fails and must fall.

The issue in the case is, therefore, a very narrow one, and depends upon the necessity of serving a notice to redeem upon the occupants of the premises sold, and whether or not the record of the original tax deed to Joshua M. Williams is void.

[3] It is the contention of the defendants that the Oswego Tax Act of 1878, being chapter 65 of the laws of that year, did not require the service, filing, and recording of a notice to redeem, and that it was not necessary to record with the deed the proofs of the service of a notice to redeem, and they take the position that the mere recording of the deed from the county treasurer is conclusive evidence of the regularity of all proceedings, and that the statute of limitations has run as to the right of the plaintiff to bring this action. The plaintiff's claim is that the general tax law of 1855 (Laws 1855, c. 427) governs, and that it was not only necessary to serve a notice to redeem, but that the holder of the tax deed should have filed and recorded such notice with the deed, together with the proofs of service thereof according to the express directions of the laws of 1855; and that, failing to comply with that statute, the proceedings were irreg-

ular, and the record of the tax deed is void and should· be canceled as a cloud upon plaintiff's title.

Section 68 of the Tax Law of 1855 provides in part as follows:

"The grantee or person claiming under him shall serve a written notice on the person occupying the land within two years from the expiration of the said time to redeem, stating in substance the sale and conveyance, the person to whom made and the amount of consideration money mentioned in the conveyance, with the addition of thirty-seven and one-half per cent. and the sum paid for the deed; and that unless such total amount shall be paid into the treasury for the benefit of the grantee within six months after the time of filing in the Comptroller's office the evidence of the service of the said notice, the conveyance will become absolute and the occupant and all others interested in the land be forever barred from all right and title thereto."

· The act further provided that no conveyance should be recorded until the expiration of said notice to redeem, and that the evidence of service of such notice should be recorded with the conveyance. It is very clear, therefore, that as to all sales and all deeds made and given under the act of 1855 a notice to redeem was necessary where the premises sold were occupied, and that it was necessary to record the notice together with the proofs of service, and that the title of the purchaser became absolute only after so doing.

The Legislature, however, on March 19, 1878, enacted a law, being chapter 65 of the laws of that year, which the defendants claim materially altered the former statute and repealed the same in so far as it related to the redemption of lands sold for taxes, in Oswego county, and that under the said Laws of 1878 it was not necessary to serve a notice to redeem upon the occupants of the premises sold, and that the recording of the tax deed passed an absolute title in fee to the purchaser, although the notice to redeem was never given and the proofs of service thereof upon the occupants never filed or recorded.

Chapter 65 of the Laws of 1878 is entitled "An act to amend the statutes in reference to the collection of taxes in the counties of Livingston, Montgomery and Oswego," and there are 15 short sections to the act. The sections material here are 8, 9, 10, and 12, and provide practically as follows: Section 8, that any person interested in real property sold for taxes may redeem the same within two years from the last day of sale. Section 9, that after the expiration of such period to redeem the county treasurer shall execute to the purchaser a conveyance of the real estate so sold which shall vest in the grantee an absolute estate in fee. Section 10, that such conveyance shall be conclusive evidence that the sale was regular, and also presumptive evidence that all the previous proceedings were regular and according to the provisions of the act and that every certificate or conveyance executed by the county treasurer in pursuance of the provisions of this act may be recorded in the same manner and with like effect as a deed acknowledged or proven before any officer authorized by law to take the proof and acknowledgment of deeds. Section 12, that the existing laws shall be and remain in effect as to all matters not covered by the amendment.

There is no provision in the amendment of 1878 for the giving of a notice to redeem, and the act is absolutely silent as to the service,

filing, and recording of any notice to redeem upon the occupants of premises sold for the nonpayment of taxes, and no provision is made for the recording of the proofs of service.

I do not think that the Legislature intended to be silent upon that subject and to repeal by the amendment of 1878 the former and then existing statutes relating to the redemption of property sold for taxes. Not only does section 12 of the amendment nullify any such conclusion, but we cannot assume that the Legislature intended to enact an unconstitutional law and one which would take from the owner or occupant the lands which he held without any notice whatever either of the appropriation or of his right to redeem. The Legislature clearly intended that the general tax law then in effect should govern as to the service of a notice to redeem, the filing and recording of such notice with the proofs of service, and that the same should apply to sales made by the treasurer of Oswego county as well as to sales made by the Comptroller.

[4] A notice to redeem is of the very essence of the tax law of 1855, and of all subsequent taxing statutes and the taking of the property in question without such notice is without due process of law and is in violation of the Constitution.

[5] It is claimed, however, that any such defect was legalized and the title under tax sales made under the act of 1878 ratified and confirmed by the Legislature in 1882. In that year the Legislature, by chapter 322 of the laws of that year, amended the act of 1878 and practically incorporated in the act the provisions of the tax law of 1855 relating to the redemption of property sold for taxes and the directions relating to the recording of the notice to redeem with the proofs of service, and by section 15 finally provided that:

"The assessment and collection of taxes, the sale of lands for nonpayment of taxes made in the county of Oswego under and by virtue of chapter 65 of the laws of 1878 and the acts amendatory thereof and all acts done thereunder are hereby in all respects legalized, ratified and confirmed."

I do not think that this amendment affects the case in the least. The tax law of 1855 was in effect in 1878 in so far as the necessity of the notice to redeem was concerned, and the Legislature could not by a retroactive or curative statute validate the proceedings, tax deed, and record in question here. Lockwood v. Gehlert, 127 N. Y. 241, 27 N. E. 812; Cromwell v. MacLean, 123 N. Y. 489, 25 N. E. 932; Turner v. Boyce, 11 Misc. Rep. 502, 33 N. Y. Supp. 433; Clark v. Kirkland, 133 App. Div. 826, 118 N. Y. Supp. 315; Matter of Douglas v. Bd. of Supervisors, 172 N. Y. 309, 65 N. E. 162; People v. Inman, 197 N. Y. 200, 90 N. E. 438; Powell v. Jenkins, 14 Misc. Rep. 83, 35 N. Y. Supp. 265.

The last case above cited arose in Oswego county, and Judge Williams, in his opinion, recognized and quoted the tax law of 1855, as relevant in construing the statute of 1882, and I am clearly of the opinion, as above stated, that the statutes of 1855 and 1878 must be read together and full effect given to the former where not absolutely inconsistent with the provisions of the latter.

Joshua M. Williams, the holder of the tax deed in question here,

should have served a notice to redeem upon the conceded occupants of the premises conveyed and should have filed and recorded the notice, together with the proofs of service thereof, in the Oswego county clerk's office; for, while the deed is valid upon its face, the conveyance would ripen into a title only after so doing. Lockwood v. Gehlert, 127 N. Y. 241, 27 N. E. 812; Hand v. Ballou, 12 N. Y. 541: Matter of Rourke v. Metz, 139 App. Div. 155, 123 N. Y. Supp. 720.

[6] And the holder of the tax deed having failed to comply with the law, his deed did not ripen into an absolute title, is not conclusive evidence of the validity of the proceedings, and the record thereof is void. People v. Ladew, 189 N. Y. 355, 82 N. E. 431.

The question of the loss or failure to find either the proofs of service of the notice to redeem or the records is not in the case, for it is conceded that such notice was never given, filed, or recorded, and neither the purchaser nor any person claiming under him ever occupied the premises, and it is therefore unnecessary to discuss further the legal presumptions as to the giving of the notice.

[7] We now come to the consideration of the defendants' contention that the statute of limitations has run against the plaintiff's right of action. It is their claim that the mere recording of the county treasurer's deed is now conclusive evidence of its validity, the validity of the sale, and of all proceedings including the giving of the notice to redeem, and that, even in the face of the stipulated facts, the record of the deed and the attendant presumptions are alone to be considered, and cites the provisions of the Tax Law of 1896 and amendments thereto in support of his contention. And the defendants' counsel in his brief in this connection asserts:

"Assuming plaintiff's contentions were correct and that it was necessary to give notice to the occupant and record that notice with proof of service thereof with the deed, the failure to do so would be a constitutional jurisdictional defect, to take advantage of which an action should have been brought within one year of the passage of chapter 908, Laws 1896."

The statute in question has been very learnedly reviewed by Mr. Justice Laughlin in a recent opinion in the case of Hennepin Improvement Company v. Schuster, reported in 66 Misc. Rep. 634, 124 N. Y. Supp. 693, and I shall adopt the views of the court in that case and the decision of the Court of Appeals in People v. Ladew, 189 N. Y. 355, 82 N. E. 431, as controlling here.

In 1885 the state claimed title to some 750,000 acres of wild forest lands in the so-called Adirondack counties, and upon the report of the commission appointed "to investigate and report a system of forest preservation," the Legislature created a forest preserve, which was placed under the control of a forest commission. Chapter 283, Laws of 1885. Many of the titles to this vast tract were dependent upon sales made for the nonpayment of taxes, and for the purpose of setting at rest all objections that might be urged against the validity of the tax sales and titles acquired by the state through and by means of them, chapter 448 of the laws of that year was enacted as a supplement to the above-mentioned statute creating the forest preserve. It

was entitled "An act to amend chapter 427 of the Laws of 1855," and provided in part that:

"All such conveyances that have been heretofore executed by the Comptroller, * * * after having been recorded for two years in the office of the clerk of the county, * * * shall, six months after this act takes ef-, fect, be conclusive evidence that the sale and all proceedings prior thereto * * * were regular. * * * But all such conveyances and certificates, and the taxes and tax sales on which they are based, shall be subject to can-¦ cellation as now provided by law, on a direct application to the comptroller or an action brought before a competent court therefor, by reason of the legal payment of such taxes, or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid."

And further provides that any such action or proceeding must be begun within six months. This statute, however, related only to the so-called Adirondack counties, included within the forest preserve. But by the amendment of 1891 (Laws 1891, c. 217), the provisions of the statute were extended to all of the counties of the state, except Chautauqua and Cattaraugus, and in 1896 the statute upon which the defendants rely was enacted, and is now found in chapter 60 of the Consolidated Laws of 1909.

Section 132 of the tax law provided that every conveyance by a county treasurer, which has for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located, shall be conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the lands, and all notices required by law to be given previous to the expiration of the time allowed for redemption, were regular and regularly given, published, and served according to the provisions of law relating thereto, but that all such conveyances, and the taxes and tax sales on which they are based, shall be subject to cancellation by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds: provided, however, that such application be made, or action brought, in the case of all sales held prior to the year 1895, within one year from June 15, 1896.

The defendants claim that the right sought to be enforced in this action and the plaintiff's right of action was barred one year from June 15, 1896.

The statute in question was not intended solely as a curative law, but as a statute of limitations, and was designed to quiet titles under tax sales, after the lapse of the period limited by the act. While the Legislature may not by a curative or retrospective act cure and legalize defects in tax titles which are jurisdictional, "this principle does not apply to a statute of limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right." Meigs v. Roberts, 162 N. Y. page 378, 56 N. E. 838, 76 Am. St. Rep. 322, opinion by Judge Cullen. That the act as a statute of limitations is necessary, reasonable, and constitutional is now settled beyond question. People v. Turner, 145 N. Y. 451, 40 N. E. 400; Turner v. New York, 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392; People ex rel. McGuinness v. Lewis, 127 App. Div. 107, 111 N. Y. Supp. 398; Meigs v. Roberts, above cited.

[8] Had the holder of the tax deed recorded a notice to redeem together with the proofs of service thereof upon the occupants of the premises therein described, the running of the statute would probably have begun with the passage of the act of 1896, and the plaintiff's right of action might therefore now be barred. But as no such notice to redeem was ever recorded with the deed and no proofs of service filed or recorded, the record itself was void, and the statute of limitations never began to run. People v. Ladew, above cited. Judge Bartlett, in delivering the opinion of the court in that case, says, in reference to section 132:

"Even if we give this provision the broadest possible effect, it plainly cannot apply to a record which was wholly void."

And Judge Laughlin, in Hennepin Improvement Company v. Schuster, says:

"If the Comptroller's deed had been recorded without any evidence of the service of the notice to redeem, then the record thereof would have been a nullity and the statute would not have run."

I am therefore of the opinion that the statute of limitations relied on by the defendants was never set running and that this action can be maintained.

[9] There is also another reason why, it seems to me, the statute has not run. The plaintiff and her grantors were all in possession of the premises described in the tax deed, in 1877, and that possession has never been in any way disturbed, and the plaintiff is still occupying the lot. I do not think that in such a case the owner and persons interested would be required to bring an action to remove the cloud on their title, caused by the tax sale and record of the deed in question, before their possession was in some way disturbed. This point, in relation to the application of section 132 of the Tax Law, has never been directly determined by the courts, so far as I can ascertain. But the point has been discussed by several learned jurists in cases where the question was left open by the courts, as a collateral matter. Judge Miller in his opinion in People ex rel. McGuinness v. Lewis, above cited, in construing section 132, says "an owner in possession, actual or constructive, may not be required to take notice of the running of the statute of limitations," and cites Joslyn v. Rockwell, 128 N. Y. 334, 28 N. E. 604, People v. Turner, 145 N. Y. 451, 40 N. E. 400, and other cases in support of the assertion. In Hennepin Improvement Company v. Schuster, above cited, Judge Laughlin uses practically the same language; and Judge Cullen, writing for the court in Meigs v. Roberts, says:

"It is questionable whether as to an owner in actual possession of land, the record of a hostile conveyance in the clerk's office is sufficient to set a statute of limitations running against him so as to destroy his title."

And a like opinion is expressed by Judge Haight in his opinion in Halsted v. Silberstein, 196 N. Y. at page 13, 89 N. E. 443.

Following the above views, as expressed by our court of last resort, I must hold that as to the plaintiff in this action none of the statutes of limitations relied on by the defendants had run at the time of the commencement of the action.

In view of the above determination, I do not think that the tender made to the county treasurer in 1894 is very material; but I am of the opinion that, in the absence of the filing in the treasurer's office or elsewhere the proofs of the service of a notice to redeem upon the occupants, the treasurer should have accepted .the $24.57 tendered, in satisfaction of the taxes and of the lien thereof.

[10] As to the defendant Wickert, it is conceded that his title falls with that of his grantor; but, in order to dispose of all the questions in the case, I shall hold that, at the time of the conveyance to him from Williams, the grantor was not in possession of the property described in the deed; that the same was held adversely to any claim or right which he had therein; that the premises were in the actual possession of the plaintiff and her grantors; that neither Williams nor Wickert ever had possession of any part of the premises; and that the deed to Wickert is therefore void. First Revised Statutes, 739, § 147, Becker v. Church, 115 N. Y. 569, 22 N. E. 748.

As the deed from the county treasurer of Oswego county to Joshua A. Williams, the record of which is sought to be canceled herein, is valid upon its face, and in view of the fact that it has been necessary to construe the several statutes above mentioned in order to determine the effect and validity of the deed, I think that the plaintiff is entitled to the relief asked for in her complaint.

I therefore conclude that the deed from the county treasurer of Oswego county, dated December 14, 1880, to Joshua M. Williams, and the deed from Williams to the defendant William F. Wickert, dated March 17, 1893, should be canceled of record as a cloud upon plaintiff's title.