EDITH L. RUSSELL, Plaintiff, v. GENEROSO DiFURIA and
Another, Defendants.

(Supreme Court, Onondaga Special Term, December, 1913.)

Taxes — collection of taxes in Onondaga county — Laws of 1899, ch.
263, still in force.
Statute of Limitations — validity of, affecting real estate — when stat-
ute begins to run — Laws of 1899, ch. 263, § 10.

Chapter 263 of the Laws of 1899, including section 10, and
the acts amendatory thereof, are still in force and regulate the
collection of taxes in the county of Onondaga.

It is essential to a valid Statute of Limitations affecting real
estate that notice express or constructive of an adverse claim
be given to the parties whose rights are to be barred and that
after the statute begins to run he must be given a reasonable time
within which to assert his rights.

The provision of section 10 of chapter 263 of the Laws of
1899 that after a county treasurer's tax deed has been recorded
" the sale and conveyance shall become absolute and the occupant
and all others interested in the land shall be forever barred from
all liens upon, claims against, interest in or rights or title
thereto " precludes a construction that there was no legislative
intent to cure jurisdictional defects, and said section must be
treated as a Statute of Limitations though it seems to comply
with neither of the essential requirements of a valid Statute of
Limitations.

On the trial of an action of ejectment by the holder of a
tax deed against the owner of certain premises in Onondaga
county, who was in possession at the time of an assessment
thereon and when said deed was given and recorded, the county
treasurer's deed was received in evidence over defendant's ob-
jection, and after proving a proper demand for possession of
the premises plaintiff rested. The court over defendant's objec-
tion excluded all evidence tending to show jurisdictional defects
in the assessment and in the proceeding subsequently taken by
the county treasurer relating thereto and directed a verdict for
plaintiff under section 10 of chapter 263 of the Laws of 1899.
On motion granting a new trial, held:

That the exclusion of the evidence offered by defendant was error.

That it must be assumed that no valid tax was levied on defendant's property; that there was no payment which he was required to make; that there was no interference with his possession, and that even if he knew of the invalid tax the presumption was that it would be rejected under section 4 of said statute, and that it must also be assumed that there were jurisdictional defects in the proceedings of the county treasurer after the tax rolls had been returned to him.

That it was beyond the power of the legislature to make the record of plaintiff's deed valid notice of an adverse claim so as to set in operation the Statute of Limitations.

Motion for a new trial in an action in ejectment.

M. M. Mara (Frank Hopkins, of counsel), for plaintiff.

Newell, Chapman & Newell, for defendants.

Andrews, J. The defendant DiFuria was the owner and is in possession of the premises described in the complaint. The plaintiff is the holder of a tax deed of the same premises executed and delivered to her on December 9, 1911, by the county treasurer of Onondaga county. This deed was recorded on the same day.

The case was tried at the Onondaga Trial Term on October 23, 1913. The tax deed referred to was offered and received in evidence over the objection of the defendants. The plaintiff then proved a proper demand for possession of the said premises and rested. The court excluded all evidence offered by the defendant tending to show jurisdictional defects in the assessment and in the proceedings of the county treasurer subsequent thereto. To this ruling the defendant again objected. Thereupon the court directed a verdict for the plaintiff.

The action of the court was based upon section 10

of chapter 263 of the Laws of 1899. This section, so far as material, reads as follows: "Every such conveyance shall be executed by the treasurer of the county of Onondaga under his hand and seal, and the execution thereof shall be acknowledged before a proper officer the same as other conveyances of real estate are executed and acknowledged under the laws of the state. Every such conveyance shall be conclusive evidence that the sale was regular, and also presumptive evidence that all the proceedings prior and subsequent to such sale, from and including the assessment of the lands, and all notices required by law to be given, published or served, previous to the expiration of the time allowed for redemption, were regular, and regularly given, published and served, according to the provisions of this act, and all laws directing and requiring the same or in any manner relating thereto. After the date of the recording of any such deed, such presumption shall be conclusive, the sale and conveyance thereof shall become absolute, and the occupant and all others interested in the land shall be forever barred from all liens upon, claims against, interest in or right or title thereto."

It is claimed by the defendants that all special acts relating to the collection of taxes in the county of Onondaga have been repealed and that the only authority for the sale and conveyance of real estate in that county, and regarding the effect of such sales, outside of the city of Syracuse for the nonpayment of taxes is to be found in the Consolidated Tax Law — chapter 62 of the Laws of 1909.

In 1867 the legislature passed an act to amend the statutes in reference to the collection of taxes in the county of Onondaga. This act was amended in 1869. By chapter 263 of the Laws of 1899 the original act was again amended. Each section with certain changes

was reënacted. One section, 14, was added providing that articles 5, 6 and 7 of the Tax Law hereinafter referred to should not apply to the county of Onondaga. Further amendments were adopted in 1900, 1901, 1902, 1904, 1905 and 1913.

In 1896 the legislature passed what was known as the General Tax Law, being chapter 908 of the Laws of that year. Attached to this act was a schedule of statutes repealed which did not contain any of the special laws relating to Onondaga county.

In 1909 the legislature enacted the Consolidated Laws for the state. Chapter 60 of those laws relates to taxation and is substantially a reënactment of the Tax Law of 1896. To this chapter a schedule of laws repealed is again attached which does not contain any of the special statutes relating to taxation in Onondaga county. This act became a law on February 17, 1909.

Later in the same year the legislature passed an act with relation to the construction to be given to the Consolidated Laws. Laws of 1909, chap. 596. In this act it is stated that in construing the Consolidated Laws for the purpose of determining the effect of any of the provisions or sections thereof on any other provision or section thereof or on any special law theretofore enacted the several provisions and sections of the Consolidated Laws shall be considered as having been enacted or reënacted by the legislature as of the various times when such provisions and sections first became laws by any earlier statute. It is further stated that the true purpose and intent of this act is to prescribe that the statute law of the state so far as it has been reproduced in the Consolidated Laws and all special laws in force at the time of the enactment of such Consolidated Laws shall be of the same force and effect as they were before the enactment of such Consolidated Laws.

It is not altogether clear whether the General Tax
Law of 1896 did not repeal the special Onondaga acts
at that time existing.   Certain cases would seem to
require such a conclusion.   *Matter of Huntington,* 168
N. Y. 399; *Pratt Institute* v. *City of New York,* 183 id.
151; *Matter of Troy Press,* 187 id. 279; *Cone* v. *Lauer,*
131 App. Div. 193; *Carroll* v. *McArdle,* 157 id. 404;
*Matter of McIntyre,* 124 id. 66.

On the other hand there are decisions which seem
to support the proposition that the special tax laws
affecting the various counties of the state were not
repealed by implication.   *Welstead* v. *Jennings,* 104
App. Div. 179; *Fulton* v. *Krull,* 200 N. Y. 105.

However this may be, the present procedure in Onon-
daga county does not seem to be affected by the Gen-
eral Tax Law.   If the special acts affecting that
county were repealed by the act of 1896, they were
reënacted by the law of 1899; and chapter 596 of the
Laws of 1909 answers any claim that it was the inten-
tion of the legislature by the Consolidated Laws of
that year to repeal the special statutes relating to
Onondaga county.

I must, therefore, hold that the act of 1899, includ-
ing section 10, and its amendments are still in force
and regulate the collection of taxes in that county.

Notwithstanding this conclusion, however, the trial
court erred in its ruling.

The courts have held, in construing provisions in
other tax laws, somewhat similar to section 10, that
there was no intention to cure jurisdictional defects
in the proceedings for the collection of taxes.   *Ensign*
v. *Barse,* 107 N. Y. 329; *Joslyn* v. *Rockwell,* 128 id. 334.
But none of them contained the equivalent to the last
sentence of section 10 — that after the record of the
treasurer's deed " the sale and conveyance shall be-
come absolute and the occupant and all others inter-

ested in the land shall be forever barred from all liens upon, claims against, interest in or rights or title thereto.'' Apparently such a construction is not possible here. More than the mere curing of irregularities is attempted.

It follows, as a matter of course, that such attempt must fail unless the intention is to enact a short Statute of Limitations, applicable to these tax sales. Such must be held to be the meaning of the legislature.

Two elements, however, are essential to a valid Statute of Limitations affecting real estate. Some sort of notice, express or constructive, must be given to the party, whose rights are to be barred, of an adverse claim; and after the statute begins to run he must be given a reasonable time within which to assert these rights.

Treated, as it must be, as a Statute of Limitations, section 10 seems to comply with neither of these requirements.

The defendant was the owner and in possession of the premises at the time of the assessment and at the time the treasurer's deed was given and recorded. What notice did he have of any adverse claim?

It must be assumed on this motion that no valid tax was levied on the defendant's property. There was no payment which he was required to make. There was no interference with his possession. Even if he knew of the invalid tax, the presumption was that it would be rejected under section 4 of chapter 263 of the Laws of 1899.

It must also be assumed that there were jurisdictional defects in the proceedings of the treasurer after the tax rolls were returned to him.

He is required to advertise the sale; to sell; to make and deliver a certificate of sale to the purchaser; to publish a three months' notice of the right to redeem.

Any or all of these things he may have omitted. If so, the defendant had no possible notice of the sale.

Even were the two advertisements properly inserted, however, still they would be no notice to the defendant that a sale was to be or had been had. One in possession of property cannot be deprived thereof on the theory that title thereto is transferred to another, by virtue of a Statute of Limitations set in operation by any such notice. *Cromwell* v. *MacLean,* 123 N. Y. 474–492.

Finally comes the deed and the effect sought to be given by the record of the same. In my opinion as against the owner of real estate whose possession is undisturbed, the record of a deed may not be made by the legislature valid notice of an adverse claim so as to set in operation the Statute of Limitations. *Joslyn* v. *Rockwell,* 128 N. Y. 334; *People* v. *Lewis,* 127 App. Div. 107; *Meigs* v. *Roberts,* 162 N. Y. 371; *People* v. *Ladew,* 189 id. 355; *Barnes* v. *Kanot,* 134 N. Y. Supp. 339–347.

If this be so the defendant never had notice, actual or constructive, of any claim adverse to him as to the ownership of his property.

Even were the record notice, however, the same result follows. The statute would begin to run from the giving of the deed by the county treasurer. The bar becomes effective upon the recording of such deed. The record may be had immediately after the deed is given. Accordingly no time whatever may be given to the owner of the property to enforce his rights. Such a provision is beyond the power of the legislature. *Bryan* v. *McGurk,* 200 N. Y. 332; *Cromwell* v. *MacLean,* 123 N. Y. 447–490.

The motion for a new trial is granted, with costs to abide the event.

Motion granted, with costs to abide event.